935 So.2d 580 (2006)
Rocky and Mary GIRON, Appellants,
v.
UGLY MORTGAGE, INC., et al., Appellees.
No. 06-644.
District Court of Appeal of Florida, Third District.
August 2, 2006.
*581 Devine Goodman Pallot & Wells and Guy A. Rasco, Miami, for appellants.
Hite Baldwin and Bruce Baldwin; Jary C. Nixon and Victor H. Veschio and Tary L. Nixon; Hicks and Kneale and Dinah Stein, Miami, for appellees.
Before RAMIREZ, SUAREZ, and ROTHENBERG, JJ.
SUAREZ, J.
The Girons appeal the denial of their motion to set aside a foreclosure judgment and judicial sale of real property based on defective constructive service of process. We affirm.
The Girons purchased the real property in question in 1996. Thereafter, they entered into a second mortgage which was eventually assigned to Ugly Mortgage Company. The Girons stopped paying on the second mortgage. The Girons claim to have moved from the residence the day prior to Hurricane Katrina and claim not to have moved back due to extensive damage. They also claim to have visited the property daily during the time period that Ugly Mortgage claims to have been attempting service of process.
Ugly Mortgage filed an action to foreclose the mortgage. Ugly Mortgage alleges it was unable to personally serve the Girons. It filed an affidavit of diligent search and claimed to have perfected constructive service pursuant to section 49.011, Florida Statutes (2005). A Final Summary Judgment of Foreclosure was entered and the property was sold pursuant to court order. The Girons then filed a Motion to Set Aside the Foreclosure arguing the Affidavit of Diligent Search filed by Ugly Mortgage was defective and, therefore, constructive service of process was improper. At the first hearing, the trial judge ordered that title to the property not be transferred, and ordered discovery taken as to constructive service. After an evidentiary hearing, the trial judge denied the Girons' Motion to Set Aside the Foreclosure. He issued a lengthy detailed order finding the affidavit legally sufficient and finding that the mortgage company conducted an adequate search. The trial judge also detailed in his order that he did not find credible the Girons' testimony that they had a contract pending to sell the house as well as other portions of their testimony. The Girons appealed.
*582 Constructive service of process is proper only if personal service cannot be obtained and only in the kinds of cases listed in section 49.011, Florida Statutes (2005). If there is a challenge to constructive service, the trial court has the duty of determining not only if the affidavit of diligent search is legally sufficient but also whether the plaintiff conducted an adequate search to locate the defendants. See Southeast & Assoc., Inc. v. Fox Run Homeowners Assoc., Inc., 704 So.2d 694 (Fla. 4th DCA 1997). Our standard of review determines whether there was competent substantial evidence to support the decision of the trial judge. Hudson v. Pioneer Fed. Sav. & Loan Assoc., 516 So.2d 339 (Fla. 1st DCA 1987). We affirm the trial court's order concluding that the Affidavit of Diligent Search is legally sufficient, and we find the trial court's well reasoned decision that the Plaintiffs conducted an adequate search to locate the Girons prior to constructive service is supported by more than competent substantial evidence.
Affirmed.