PER CURIAM.
 

 First Home View Corporation (“the bona fide purchaser”) appeals the trial court’s order granting Jordan Joseph Gug-gino’s (“the homeowner”) motion to vacate the foreclosure sale and final judgment. We reverse.
 

 The homeowner’s mortgage lender (“the lender”) initiated foreclosure proceedings but was unable to personally serve him. The lender hired an investigator, who discovered the homeowner had two New York addresses, but personal service also failed at these addresses.
 

 The investigator searched the homeowner’s credit information and employment. The investigator checked the motor vehicle department, corrections depart
 
 *165
 
 ment, postal service, and telephone companies for the homeowner’s whereabouts. Lastly, the investigator spoke with the homeowner’s neighbors, but to no avail. The lender was still unable to find the homeowner and serve him.
 

 Subsequently, the lender filed affidavits of diligent search and constructive service. Upon review, the trial court allowed the lender to serve the homeowner by publication.
 

 Thereafter, the lender obtained a final judgment of foreclosure. Over one year later, the bona fide purchaser purchased the property at a foreclosure sale. Then, about one month later, the homeowner moved to vacate the final judgment and the foreclosure sale. The trial court granted the homeowner’s motion, and the bona fide purchaser appeals.
 

 Constructive service of process is proper only if the party cannot obtain personal service of process.
 
 See
 
 § 49.011, Fla. Stat. (2005). If the constructive service is disputed, then the trial court has the duty of determining: (1) if the affidavit of diligent search is legally sufficient; and (2) whether the plaintiff conducted an adequate search to locate the defendants.
 
 Giron v. Ugly
 
 Mortgage,
 
 Inc.,
 
 935 So.2d 580, 582 (Fla. 3d DCA 2006).
 

 Here, the record is clear that the affidavit of diligent search was legally sufficient and that the lender conducted an adequate search to locate the homeowner prior to constructive service. Therefore, the trial court erred in vacating the final judgment and foreclosure sale.
 

 Accordingly, we reverse the trial court’s order vacating the final judgment and foreclosure sale.
 

 Reversed and remanded.