SUAREZ, J.
Dian Lewis (“Lewis”) appeals an order denying her Motion to Vacate Default Judgment and Relief from Final Judgment of Foreclosure. We affirm the trial court’s order denying the motion to vacate after an evidentiary hearing finding that the process server’s affidavit of diligent search was facially sufficient to uphold the service of process by publication and that there was sufficient competent evidence to conclude that a diligent search was conducted.
During the five years preceding the final judgment of foreclosure on her Miami property, Lewis, an attorney, resided in the Bahamas. She maintained a Miami post office box to receive her mail, and never provided her address to her mortgage company or even to the Florida Bar.[1] Lewis admittedly was aware that she had been in arrears on her mortgage payments for some time. She was mailed a series of letters from her mortgage company advising her that her account was in default, including a letter, dated November 16, 2007, from a collection law firm notifying her that it was in the process of filing a complaint to foreclose on her property. *159 Lewis’s purported attempts to resolve the matter through email correspondence were unsuccessful. When her mortgage finally went into foreclosure, the process server, attempting to serve the complaint of foreclosure, was unable to locate and personally serve Lewis. The process server indicated on his return of service, and in testimony at the hearing on the motion to vacate, that he had made several attempts at personal service on Lewis.[2] First, he attempted service at an old address of Lewis. He never found her there but, on one occasion, spoke with a tenant who told him that she did not know Lewis’s whereabouts. At the property address, the process server found a Dorothy Sharpe living there who informed him that Lewis was residing in the Bahamas. The process server asked Ms. Sharpe for the address of Lewis in the Bahamas, but was told that Ms. Sharpe did not know the address. The process server indicated on the back of the return of service that Lewis resides in the Bahamas. A representative of the mortgage company filed an affidavit of diligent search in compliance with section 49.041, Florida Statutes (2008).[3] Constructive service of process was then accomplished according to the statute. The affidavit of diligent search in support of constructive service shows that no other address for Lewis could be found as a result of other searches which were made, including with the post office, credit, social security, employment, telephone, motor vehicle, license, voter registration and property records. Approximately twelve days after Lewis was notified by letter addressed to her P.O. Box number, that her property was in the process of foreclosure, a foreclosure complaint was filed on November 28, 2007. Lewis was mailed notice of the application for default at the same post office box where she had received all prior correspondence. A final judgment of foreclosure was entered, and the property was foreclosed upon and sold to Appellee, BVK Investments, Ltd. (“BVK”), a bona fide purchaser. Lewis claimed that she never received notice of the impending foreclosure or the sale and moved to set aside the final judgment of foreclosure. Lewis filed a Motion to Vacate Default Judgment and Relief from Final Judgment of Foreclosure claiming that the affidavit of service was defective rendering the service void as to BVK. BVK moved to intervene in the proceedings, and the trial judge allowed it to file a Response in Opposition to Lewis’s Motion to Vacate. The trial judge held an eviden-tiary hearing.
In response to the factual concerns of the dissent, we include the following facts raised before the trial judge at the eviden-tiary hearing on the motion to vacate: The attorney for BVK proffered to the Court that Lewis was a member of the Florida Bar and that she admitted at her deposition that, because she worked on contracts and did closings, she did not want to be found. He further proffered that, at her deposition, she testified that she used her P.O. Box number for her tax returns for the Internal Revenue Service. Evidence was presented that her property insurance carrier had only her P.O. box number, her *160 credit card companies had only her P.O. Box number, the roofer that she hired to put on a new roof on her the property had only her P.O. Box number and the Florida Bar listed Ms. Lewis in its attorney directory under only her P.O. Box number, although she was required by the Rules Regulating the Florida Bar to provide her physical address of employment. Deposition testimony of prior tenants was proffered that they sent their rent to the P.O. Box number. The deposition testimony of Lewis’s tenant, Dorothy Sharpe, was proffered to the court that she did not know the address of Lewis in the Bahamas and that she received mail for Lewis at the property address. It was also proffered that Lewis’s neighbor testified at her deposition that she thought Lewis lived in New York. The trial judge listened to all of the proffers and evidence presented at the hearing on the motion to vacate and to Ms. Lewis’s claim of no notice of the impending foreclosure suit, and denied her motion to vacate. This appeal follows.
The standard of review on a denial of a motion to vacate a final default judgment is gross abuse of discretion. See Cellular Warehouse, Inc. v. GH Cellular, LLC, 957 So.2d 662 (Fla. 3d DCA 2007). The first issue on appeal is whether the trial court grossly abused its discretion in denying the motion to vacate by finding that the affidavit of diligent search was sufficient on its face to hold that constructive service was effective as to the bona fide purchaser. If the trial judge were to find the affidavit to be defective on its face, service would be void as to the bona fide purchaser. If the trial judge finds the affidavit sufficient on its face, but were to determine that a diligent search was not performed, the foreclosure would be voidable, not void, as to the bona fide purchaser. See generally 33 Fla. Jur.2d Judicial Sales § 13 (2009). On the face of the affidavit of diligent search before us, we find that the affidavit is sufficient for purposes of service by publication and that the trial court did not grossly abuse its discretion in so holding. In light of the necessary reliance on the public record by a bona fide purchaser, the affidavit of diligent search was sufficient on its face to establish that an adequate search had been made to locate an address for service upon Lewis prior to effecting constructive service. The resultant foreclosure sale to the bona fide purchaser cannot be set aside. First Home View Corp. v. Guggino, 10 So.3d 164 (Fla. 3d DCA 2009) (holding that trial court errs in vacating final judgment of foreclosure in sale of property to bona fide purchaser where homeowner is constructively served by publication and affidavit of diligent search is legally sufficient to establish that an adequate search has been made prior to constructive service); Southeast & Assoc. v. Fox Run Homeowners Ass’n, 704 So.2d 694 (Fla. 4th DCA 1997) (holding that notice by publication is adequate where affidavit of diligent search is facially sufficient and foreclosure sale to bona fide purchaser is merely voidable, and not void, and cannot be set aside); cf. Godsell v. United Guar. Residential Ins., 923 So.2d 1209 (Fla. 5th DCA 2006) (holding that an affidavit of diligent search deficient on its face voids service by publication).[4]
*161 The trial court did not end its inquiry there. The second issue raised on appeal is whether there was substantial competent evidence to support the trial court’s decision finding that a diligent search was conducted to locate an address for Ms. Lewis.[5] We find there was substantial competent evidence. Giron v. Ugly Mortgage, 935 So.2d 580 (Fla. 3d DCA 2006). The process server’s testimony along with his affidavit and return of service substantiate that Lewis did not reside at the addresses of her property where service was attempted and that she did reside at an undisclosed and unknown address in the Bahamas. Ms. Lewis never provided any of her tenants, the mortgage company, the IRS, other interested parties or business contacts, including the Florida Bar, with her current physical address.[6] The evidence shows that Lewis received numerous letters from her mortgage company advising her of her default status and was notified, as of November 16, 2007, before the foreclosure was filed, that a collection attorney was in the process of filing suit. Lewis’s subsequent correspondence in response to that very letter provided substantial competent evidence from which the trial judge could correctly conclude that Lewis had notification that she was being foreclosed upon. She even admits in the affidavit she filed in support of her motion to vacate that she received the letter, yet she proceeded to negotiate with her mortgagor through email and P.O. Box number, contending now that, although no one had her Bahamian address, she would have given it to her mortgage company and collection firm had they asked for it. This evidence, in conjunction with the search of the records as outlined in the affidavit of diligent search, the testimony and proffers of deposition testimony presented before the trial judge at the eviden-tiary hearing on the motion to vacate and other facts raised at the hearing constitute substantial competent evidence to support the trial court’s ruling that a diligent search was conducted.
There was substantial competent evidence to support the decision of the trial judge. No gross abuse of discretion in the denial of Lewis’s motion to vacate the final judgment of foreclosure has been demonstrated. We therefore affirm the order denying the motion to vacate.[7]
SHEPHERD, J., concurs.

. Rule 1-3.3 of the Rules Regulating the Florida Bar requires that an attorney provide the physical location or street address of her principal place of employment to the Florida Bar.

. One of Lewis's claims on appeal is that the process server did not conduct a diligent search as there was a real estate "for sale” sign in front of the house, and the process server failed to contact the realtor. We reject this argument as there is no evidence in the record that the process server ever saw the sign.

. All that is required under section 49.041, for service by publication, is a sworn statement that diligent search and inquiry has been made to discover the address of the person to be served, whether the person is over 18 years-of-age and that the whereabouts of the person is unknown. The affidavit of diligent search satisfies these requirements.

. Contra Redfield Invs. v. Vill. of Pinecrest, 990 So.2d 1135 (Fla. 3d DCA 2008) (reversing denial of a motion to quash service where affidavit of diligent search deficient and no bona fide purchaser involved); Shepheard v. Deutsche Bank Trust Co., 922 So.2d 340 (Fla. 5th DCA 2006), upon which the dissent relies and which does not apply because the facts are totally different from this case: the rights of a bona fide purchaser were not involved as they are in this case; the mortgage servicing company possessed the correct address of the property owners unlike this case; and only one attempt at personal service was made and *161 returned "seasonal vacant,” unlike all of the evidence in this case that Lewis lived in the Bahamas at an undisclosed and undiscovera-ble address.

.Although we chose to address the argument raised by Lewis on appeal, we note that this second step of analysis is not relevant or necessary when the purchaser at the foreclosure sale is a bona fide purchaser. If the affidavit of diligent search is legally sufficient, the final judgment of foreclosure is merely voidable as to the BFP and cannot be set aside.

. See Rosado v. Vosilla, 909 So.2d 505 (Fla. 5th DCA 2005) (citing Kidder v. Cirelli, 821 So.2d 1106 (Fla. 5th DCA 2002), which holds that a property owner who fails to provide his correct address change has no right to complain of lack of notice of the sale of his property for nonpayment of taxes), aff'd, 944 So.2d 289 (Fla.2006).

. We also affirm the order discharging lis pendens.