MONACO, C.J.
 

 The appellant, William J. Garnett, III, appealed from a final order in a partition
 
 *226
 
 action. As Mr. Garnett passed away prior to the decision in this appeal, however, Josephine Jennie Miller was substituted for him as appellant. The primary issue raised by the appellant concerns whether constructive service upon Mr. Garnett was proper. Because we conclude that it was not, we reverse.
 

 Mr. Garnett was an owner of an undivided interest as a tenant-in-common of a parcel of real estate consisting of about 25 undeveloped acres. The appellees, Gladys G. Partin, et al., were the other tenants-in-common with respect to the parcel and were the plaintiffs below. The appellees filed a complaint seeking, among other relief, a partition of the property. The complaint alleged that the acreage was not reasonably susceptible to an equitable physical division without prejudice to the appellees because of the configuration of the property. The appellees for this reason asked for a partition sale pursuant to section 64.071, Florida Statutes (2007), and claimed that a sale would not be prejudicial to Mr. Garnett’s interest. The appel-lees also requested an accounting to factor in any expenses paid by the plaintiffs and any possible waste committed by Mr. Gar-nett.
 

 Although a summons was issued, the summons and complaint went unserved because Mr. Garnett’s residence was, according to the Sheriffs Office, a piece of wooded property. The sheriffs return contained a note to the effect that the process server was told by someone in a nursery business next door to this property that the defendant lived somewhere in the woods in a makeshift hut. The return of service read further, “It is close to impossible to get back to him.”
 

 Based solely on this return, an attorney for the appellees filed an affidavit for service by publication stating that Mr. Gar-nett could not be found within Florida for the purpose of service of the summons. The attorney asserted that constructive service was authorized in this instance by rule 1.070(e), Florida Rules of Civil Procedure, and by section 49.041, Florida Statutes (2007). In addition, the attorney af-fied that he had made a diligent search and inquiry to locate William Garnett as evidenced by the return of service from the Orange County Sheriffs Office. The attorney wrote that to his “best knowledge and belief,” Mr. Garnett “has concealed himself so that process cannot be personally served upon him.” Notice of the action was then published.
 

 The appellees next filed a motion for default by clerk for failure of Mr. Garnett to file a responsive pleading to the complaint that had been made available through publication or constructive service, and the clerk in due course entered a default. They then moved for entry of a final default judgment, and the trial court granted the motion. The court subsequently entered a final judgment for partition, and the property was sold at auction. The appellees were the successful bidders.
 

 Eventually
 

 [1]
 

 ,
 
 Mr. Garnett filed a motion to set aside the default and default judgment, along with affidavits of Mr. Garnett. The Garnett affidavit indicated that Mr. Garnett had lived at the same place for the past twenty years, and that the same plaintiffs had served process on him personally at the same address on at least two separate occasions. In addition, Mr. Gar-nett affied that the attorney who signed the affidavit to support constructive service had actually spoken to Mr. Garnett by
 
 *227
 
 telephone, and told Mr. Garnett “not to worry about the paperwork he had received about the case, and that the paperwork did not mean anything.” Mr. Gar-nett’s affidavit also said that he was never asked to meet a deputy for purposes of accepting service, and that although his home is not visible from the road, “the Plaintiffs have been to Garnett’s home.” Finally, Mr. Garnett also indicated that his residence is accessible from a dirt road from a gate on the primary cross street, and that his neighbor (who the deputy apparently talked to), had access to a key to the gate. No part of this affidavit is rebutted by the appellees in the record, except that they assert that their attorney did not tell Mr. Garnett that the paperwork was not important.
 

 The appellees subsequently moved to strike the motion to set aside default and default judgment. The trial court granted the motion, and then approved an accounting and distribution of funds and ordered the issuance of a new certificate of title. This appeal followed.
 

 A fundamental requirement of due process in any judicial proceeding is notice reasonably calculated both to apprise interested parties of the pendency of the action, and to give the party so notified an opportunity to present his or her side of the controversy.
 
 Mullane v. Cent. Hanover Bank & Trust Co.,
 
 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Due process considerations do take into account the need to serve a party by publication when the circumstances authorize it, but notice by publication is generally regarded as insufficient with respect to an individual whose name and address are known or easily ascertainable.
 
 Robinson v. Hanrahan,
 
 409 U.S. 38, 40, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972);
 
 Lorie v. Calderon,
 
 982 So.2d 1199, 1201 (Fla. 3d DCA 2008).
 

 On its surface the law concerning service of process by publication is relatively clear. Where personal service of process cannot be had, service of process by publication may be utilized in any case allowed by section 49.011 upon any party, natural or corporation, known or unknown. § 49.021, Fla. Stat. (2007). Pursuant to section 49.011, service of process by publication may be utilized in any court on any party in order to partition real or personal property within the jurisdiction of the court. § 49.011(3), Fla. Stat. (2007).
 

 As a condition precedent to service by publication, a statement must be filed in the action executed by the plaintiff, the plaintiffs agent or attorney, setting forth the matters contained in section 49.041, Florida Statutes. More specifically, section 49.041 requires the sworn statement of the plaintiff or his or her agent or attorney to show for purposes of obtaining sendee by publication on a natural person that: (1) a diligent search and inquiry had been made to discover the name and residence of such person, and that the same is set forth in the sworn statement “as particularly as is known” to the affiant; and (2) whether such person is over or under the age of 18 years, if known; and (3) that the residence of the person is either (a) unknown to the affiant, or (b) in some state or country other than Florida, or (c) in Florida but the person has been absent from the state for more than 60 days preceding the making of the sworn statement, or has concealed himself or herself so that process cannot be personally served, and that there is no person in Florida upon whom service of process would bind the absent or concealed defendant.
 
 [2]
 
 In any case, the determinative fac
 
 *228
 
 tor is whether personal service “cannot be had.”
 
 See Gans v. Heathgate-Sunflower Homeowners Ass’n, Inc.,
 
 593 So.2d 549, 551 (Fla. 4th DCA 1992).
 

 When a plaintiff seeks seiwice of process by publication, due process demands that an honest and conscientious effort, reasonably appropriate to the circumstances, be made to acquire the information necessary to fully comply with the controlling statutes. While certainly exceptions might exist, ordinarily this effort would involve more than simply one failed attempt at service, and would include talking to neighbors or trying to contact the person to be served by phone or mail. We reiterate, however, that absent unusual circumstances, including circumstances showing an attempt to avoid service of process, seiwice by publication is genei'ally not sufficient with respect to an individual whose name and address ai-e known or easily ascertainable.
 
 See Lone.
 

 Here, although the appellees’ affidavit of diligent search was facially sufficient in that it alleged that diligent search and inquiry was made, the court was obligated to go further when that proposition was challenged. The test to be applied is whether the plaintiff reasonably employed the knowledge at his or her command, made diligent inquiry, and exei'ted an honest and conscientious effox-t appropidate to the surrounding circumstances to acquire the information necessary to enable the plaintiff to effect personal service on the defendant.
 
 Shepheard v. Deutsche Bank Trust Co. Americas,
 
 922 So.2d 340, 343 (Fla. 5th DCA 2006);
 
 Demars v. Village of Sandahoood Lakes Homeowners Ass’n, Inc.,
 
 625 So.2d 1219, 1224 (Fla. 4th DCA 1993);
 
 Canzoniero v. Canzoniero,
 
 305 So.2d 801, 803 (Fla. 4th DCA 1975).
 

 Here, the appellees plainly failed this test. The unrebutted swoim statements indicate that the appellees knew precisely where Mr. Garnett lived because they had visited with him in his house and because he had twice previously been served at the same address listed for him in the summons. The attorney for the appellees (who, iixcidentally is not the appellate counsel for the appellees), knew that Mr. Garnett was in Florida because he spoke to him by phone and sent him correspondence. Reliance on the single return of process under the facts of this case could not possibly support the diligent search requirement.
 

 A judgment against Mr. Garnett based on this flawed attempt at constructive service by publication is not in accordance with the applicable due process standards. The orders of the tidal judge denying the motion to vacate the default judgment and the ordei's denying other associated relief requested by Mr. Garnett arose, therefore, out of an abuse of discretion by the tidal court.
 
 See North Shore Hosp., Inc. v. Barber,
 
 143 So.2d 849, 852 (Fla.1962);
 
 KFC USA, Inc. v. Depew,
 
 879 So.2d 55 (Fla. 5th DCA 2004). Accordingly, we reverse the final default judgment of partition, as well as the orders pi-eceding it, including the order to issue certificate of title, and remand for further proceedings not inconsistent with this opinion.
 

 REVERSED and REMANDED.
 

 GRIFFIN and EVANDER, JJ., concur.
 

 [1]
 

 . We have compacted many other procedural activities of the parties leading to the motion to set aside the default and default judgment so as not to confuse the dispositive facts. We have concluded that we have jurisdiction over this matter.
 

 [2]
 

 . The Florida Supreme Court has recently substantially revised the form affidavit of diligent search and inquiry.
 
 In re Amendments to the Florida Rules of Civil Procedure,
 
 -
 
 *228
 
 So.3d -, -, 2010 WL 455295 (Fla.2010). The new Form 1.942 requires substantial back-up and far more detail to substantiate the claim of diligent search and inquiry.