CORTINAS, J.
Natalia Peysina (the “Borrower”) seeks review of the trial court’s entry of final judgment of foreclosure in favor of Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Company (the “Bank”), as well as the trial court’s denial of her motion to dismiss for improper service of process.
On or about October 27, 2011, the Bank filed its foreclosure action against the Borrower. After the Bank was unsuccessful at serving process upon the Borrower, the bank filed an affidavit of diligent search and inquiry and purported to serve the Borrower by publication. The Borrower asserts that she learned of the pending foreclosure action shortly before the matter was set for trial and consequently filed her motion to dismiss for improper service of process and to strike the case from the trial calendar on or about November 19, 2012. On November 26, 2012, the Borrower appeared specially to argue the motion to dismiss, which was denied by the trial court. The case immediately proceeded to trial, and the trial court entered the final judgment of foreclosure. We reverse.
It is well-established that “[cjonstructive service of process is proper only if personal service cannot be obtained and only in the kinds of cases listed in section 49.011, Florida Statutes.” Giron v. Ugly Mortg., Inc., 935 So.2d 580, 582 (Fla. 3d DCA 2006). However, “[i]f there is a challenge to constructive service, the trial court has the duty of determining not only if the affidavit of diligent search is legally sufficient but also whether the plaintiff conducted an adequate search to locate the defendants.” Id. (citing Southeast & Assocs. v. Fox Run Homeowners Ass’n, 704 So.2d 694 (Fla. 4th DCA 1997)) (emphasis added). We review the trial court’s decision and determine whether it is supported by competent substantial evidence. See Giron, 935 So.2d at 582. When a plaintiff such as the Bank “seeks service of process by publication, ‘an honest and conscientious effort, reasonably appropriate to the circumstances, must be made to acquire the information necessary to fully comply with the controlling statutes.’ ” Gans v. Heathgate-Sunflower Homeowners Ass’n, 593 So.2d 549, 551-52 (Fla. 4th DCA 1992) *238 (citation omitted). While there is no bright-line rule for what constitutes a diligent search, generally, in reference to the diligent search and inquiry requirement of section 49.041, Florida Statutes, “the test is whether the complainant reasonably employed the knowledge at his command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstance to acquire the information necessary to enable him to effect personal service on the defendant.” Canzoniero v. Canzoniero, 305 So.2d 801, 803 (Fla. 4th DCA 1975) (citation omitted). Here, the trial court did not hold an evi-dentiary hearing, and the record does not demonstrate that the Bank “reasonably employed the knowledge at its command” or exerted an effort “appropriate to the circumstance” to be able to effectuate personal service upon the Borrower. Accordingly, we reverse the trial court’s final judgment of foreclosure and remand with instructions that the trial court hold an evidentiary hearing to determine whether the Bank conducted an adequate search to locate the Borrower.
Reversed and remanded.