PER CURIAM.
Sergio Martins appeals a summary final judgment foreclosing a claim of lien related to an Osceola County property entered in favor of The Oaks Master Property Owners Association, Inc., (HOA), and an order denying his motion to vacate final judgment, void sale of real property, vacate default, and quash service of process. Martins argues that the final judgment is void because the HOA’s constructive service on him was defective. We agree, and reverse.
In February 2010, the HOA filed a foreclosure complaint to enforce and foreclose a claim of lien in regard to Martins’ failure to pay maintenance assessments. A letter enclosing the claim of lien was addressed to Martins and mailed to the subject property. A service processor attempted to serve Martins at the subject property, but found that the house was unfurnished and the power was off. A neighbor reported that the owner is there now and then. Thereafter, the HOA’s counsel filed an affidavit for service by publication, alleging:
a) I sent a Demand letter to the last known address of 2119 The Oaks Boulevard, Kissimmee, FL 34746. No response was received from the defendant.
b) I hired a process server at Magic Process to serve summons on Defendants, Sergio Martins and Unknown Spouse of Sergio Martins. Process Server stated that the property was unoccupied at the time of service.
c) I have searched for the Defendant with the Osceola County Property Appraisers office to determine if there are other properties the Defendant may own and or reside in. I have found no other property owned by Sergio Martins and Unknown Spouse of Sergio Martins
d) I have searched for the Defendant by name and by address in a popular background database search service known as Accurint.com. We have not found another address aside from the aforementioned addresses at which the Process Server attempted service on the Defendants.
e) I have searched for the Defendants by name using World Wide Web based telephone listings. I have found no listing.
f) I have sent the U.S. Post Office a change of address/physical address request and they reported that they had no forwarding information for Defendant.
g) I have searched the Florida Department of Corrections on them to see if they had been incarcerated.
h) I have searched the Osceola County Inmate Records on them to see if they have been incarcerated.
i) I have searched Clerks website of Osceola County, Florida. I found the Deed that was recorded for subject property when they purchased the property. The address on the Deed is 2119 The Oaks Blvd., Kissimmee, FL 34746. There is no recorded mortgage on this property.
2. The age of the Defendant is unknown to Affiant.
3. The residence of the Defendant is unknown to Affiant.
4. The Defendant, having residence in Florida, has been absent from there for more than 60 days prior to the making of this affidavit, or conceals *145 him/herself so that process cannot be served personally upon him/her, and that Affiant believes that there is no person in the state upon whom service of process would bind this absent or concealed Defendant.
Notice was published in the Heritage Florida Jewish News in the issues of March 18 and 25, 2011. Subsequently, the clerk granted the HOA’s motion for default, and a summary final judgment followed, directing that the property be sold at public auction to satisfy the HOA’s claim of lien. The property was then sold at public auction to an uninterested third party.
Although Martins owned the Osceola County property, he has resided in Cutler Bay, Florida since 2005. He purchased the property for his grandmother who moved out in 2006, and relocated to Georgia with her sister, Martins’ aunt. Since that time, his aunt checked on the property every other month, and had enlisted the help of a neighbor with yard work.
Martins’ aunt notified Martins of the foreclosure after the neighbor notified her that the locks had been changed and furniture had been removed. Accordingly, Martins filed a motion to vacate final judgment, void sale of real property, vacate default, and quash service of process. Martins insisted that the HOA’s diligent search was insufficient because it did not search any public records other than Osceola County, did not search any voter registration records, did not search the Osceola County Tax Collector’s records, did not search the Florida Department of Motor Vehicles records regarding title, registration, or driver’s licenses, and did not talk to any of Martins’ neighbors or utility companies providing service to the property. If the HOA had done so, it would have discovered that Martins’ driver’s license listed the Cutler Bay address as his address, Martins had several vehicles registered to his Cutler Bay address, and the Osceola County Tax Collector’s records for the subject property listed the Cutler Bay address as Martins’ address. Martins further alleged that the HOA failed to examine its own business records to find that it had previously mailed correspondence to Martins at his Cutler Bay address. Indeed, in 2009 the HOA mailed a work order invoice for the subject property to Martins at the Cutler Bay address. In May 2010, the HOA’s counsel mailed Martins a letter to his Cutler Bay address informing him that it was attempting to collect a debt, and that if he was the owner of the subject property, to please contact the law firm. Martins denied that he ever received the letter. Even so, the HOA never attempted to serve Martins at the Cutler Bay address.
We review the denial of a motion to vacate a final judgment for a gross abuse of discretion. Lewis v. Fifth Third Mortg. Co., 38 So.3d 157, 160 (Fla. 3d DCA 2010). “A fundamental requirement of due process in any judicial proceeding is notice reasonably calculated both to apprise interested parties of the pendency of the action,' and to give the party so notified an opportunity to present his or her side of the controversy.” Miller v. Partin, 31 So.3d 224, 227 (Fla. 5th DCA 2010). “Due process considerations do take into account the need to serve a party by publication when the circumstances authorize it, but notice by publication is generally regarded as insufficient with respect to an individual whose name and address are known or easily ascertainable.” Id.
Pursuant to sections 49.011(1) and 49.021(1), Florida Statutes (2010), service of process by publication may be made on any known or unknown party, upon which personal service cannot be effected, in an action or proceeding to enforce any *146 legal or equitable lien or claim to any title or interest in real or personal property. See First Home View Corp. v. Guggino, 10 So.3d 164, 165 (Fla. 3d DCA 2009). “[Because the lack of personal service implicates due process concerns, a plaintiff must strictly comply with the statutory requirements.” See Redfield Invs., A.V.V. v. Village of Pinecrest, 990 So.2d 1135, 1138 (Fla. 3d DCA 2008). - “Failure to strictly comply renders a subsequent judgment voidable.” Floyd v. Fed. Nat’l Mortg. Ass’n, 704 So.2d 1110, 1112 (Fla. 5th DCA 1998). “If service of process is so defective that it amounts to no notice of the proceedings, the judgment is void.” Id. For example, in Godsell v. United Guaranty Residential Insurance, 923 So.2d 1209, 1215 (Fla. 5th DCA 2006), this court determined that a final judgment of foreclosure was void where “although the ‘diligent search and inquiry’ claim was contained in the affidavit, it was otherwise not in compliance with the statute.” It explained that the plaintiffs affidavit had numerous facial defects such as whether the defendant was over or under the age of eighteen, whether the defendant’s address was unknown to the affiant, and it omitted any reference to the pertinent fact of the defendant’s Canadian residence.[1] Id.
With that in mind, a plaintiff seeking to obtain service of process by publication against a natural person must file an affidavit showing:
(1) That diligent search and inquiry have been made to discover the name and residence of such person, and that the same is set forth in said sworn statement as particularly as is known to the affiant; and
(2) Whether such person is over or under the age of 18 years, if his or her age is known, or that the person’s age is unknown; and
(3)In addition to the above, that the residence of such person is, either:
(a) Unknown to the affiant; or
(b) In some state or country other than this state, stating said residence if known; or
(c) In the state, but that he or she has been absent from the state for more than 60 days next preceding the making of the sworn statement, or conceals himself or herself so that process cannot be personally served, and that affiant believes that there is no person in the state upon whom service of process would bind said absent or concealed defendant.
§ 49.041, Fla. Stat. (2010).
“If the constructive service is disputed, then the trial court has the duty of determining: (1) if the affidavit of diligent search is legally sufficient; and (2) whether the plaintiff conducted an adequate search to locate the defendants.” Guggino, 10 So.3d at 165. “The affidavit need only allege that a diligent search and inquiry was made, and need not include specific supporting facts.” Floyd, 704 So.2d at 1112. Furthermore, the test is not whether it was in fact possible to effect personal service, but whether the evidence shows that the plaintiff “reasonably employed knowledge at his command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the information necessary to enable him to effect personal service on the defendant.” McDaniel v. McElvy, 91 Fla. 770, 108 So. 820, 831 (1926).
*147 In the instant case, the HOA was already in possession of Martins’ Cutler Bay address, and had previously sent correspondence to the Cutler Bay address. Nonetheless, the HOA made no attempt to serve Martins at his Cutler Bay address. Furthermore, had the HOA checked with the Department of Motor Vehicles, and the Osceola County Tax Appraiser’s records for the subject property, it would have confirmed that the Cutler Bay address was in fact Martins’ home address. Therefore, although the HOA made some effort to obtain Martins’ address, its search was less than diligent because his address was easily accessible, and could even be found on records pertaining to the taxes assessed to the subject property. Despite the fact that the HOA’s counsel mailed a collection letter to the Cutler Bay address, this letter does not serve as a substitute for an actual attempt to serve Martins at the Cutler Bay address.
We conclude that not only was the HOA’s search insufficient, but the HOA’s affidavit is patently inaccurate in that it fails to disclose that the HOA was aware of Martins’ Cutler Bay address. Accordingly, we reverse the trial court’s order denying Martins’ motion to vacate final judgment, void sale of real property, vacate default, and quash service of process, find that the summary final judgment of foreclosure is void, and remand for proceedings consistent with this opinion. See Godsell, 923 So.2d at 1215 (finding that final judgment of foreclosure was void where the constructive service on defendant was ineffective due to the plaintiffs failure to do a diligent search and failure to include, inter alia, any reference to the defendant’s possible Canadian address); Miller, 31 So.3d at 228 (finding that constructive service by publication was defective based on the fact that plaintiffs knew the defendant’s physical address, the defendant had previously been served twice at his known address, and the plaintiffs’ attorney had mailed correspondence to the defendant’s known address; and reversing final default judgment of partition); Gans v. Heathgate-Sunflower Homeowners Ass’n, Inc., 593 So.2d 549, 551 (Fla. 4th DCA 1992) (finding that two unsuccessful service attempts were not sufficient to allow for service by publication where the plaintiff failed to ascertain the defendant’s whereabouts by talking to her neighbors, or trying to contact her by phone or by mail); Redfield, 990 So.2d at 1138-39 (finding that plaintiffs search fell below the statutory and constitutional requirements necessary to satisfy Florida’s service of process by publication law where plaintiff made some efforts to locate the defendant, but the sworn statement did not indicate that the plaintiff contacted the source that most likely could have provided information regarding the defendant); Floyd, 704 So.2d at 1112 (finding that the affidavit omitted the most meaningful search, namely “getting out of the office, finding the property, inquiring of persons in possession of the property, or talking with neighbors, relatives or friends”).
REVERSED and REMANDED.
PALMER, LAWSON and BERGER, JJ., concur.

. The plaintiff in Godsell was informed twice by the defendant’s neighbors that the defendant resided in Canada, but made no effort to obtain the defendant’s Canadian address. 923 So.2d at 1210-11, 1215.