DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RAFAEL BENAVENTE** and **CLARA E. BENAVENTE,**
Appellants,

v.

**OCEAN VILLAGE PROPERTY OWNERS ASSOCIATION, INC.,** and
**GUIVAZ ENTERPRISES, LLC,**
Appellees.

No. 4D18-1819

[November 28, 2018]

Appeal of nonfinal order from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 562018CA000085AXXXHC.

David J. Miller of Law Offices of Damian G. Waldman, P.A., Largo, for appellants.

J. Henry Cartwright of Fox McCluskey Bush Robinson, PLLC, Stuart, for appellee Ocean Village Property Owners Association, Inc.

Patrick Dervishi of Shir Law Group, P.A., Boca Raton, for appellee Guivaz Enterprises, LLC.

PER CURIAM.

Rafael and Clara Benavente ("the Homeowners") appeal a nonfinal order denying their Motion to Vacate Certificate of Title, Certificate of Sale, Final Default Judgment of Foreclosure, and Clerical Defaults and Motion to Quash Constructive Service of Process ("Motion to Vacate and Quash"). Given that Ocean Village Homeowner's Association ("the Association") did not properly exercise due diligence in its efforts to personally serve the Homeowners at their primary address and presented a facially deficient Affidavit for Service by Publication, we reverse and remand the trial court's finding that constructive service of process by publication was proper.

The Association filed a complaint against the Homeowners, seeking to foreclose on a lien for unpaid assessments. Counsel for the Association sent pre-suit demand letters to three addresses: a Fort Pierce property

being foreclosed on, and two Key Biscayne properties—one on Harbor Drive and one on Crandon Boulevard.

The Homeowners signed a certified mail receipt at the Harbor Drive property, acknowledging receipt of the pre-suit demand letter. However, the Association only attempted to serve the Homeowners at the Fort Pierce property.

After failing to locate and serve the Homeowners, the Association filed an Affidavit of Non-Service that reflected seven attempts of service at the Fort Pierce property—and each attempted service noted that there was no answer at the door, there was no vehicle in the driveway, and/or the property seemed vacant.[1]

Thereafter, the Association filed an Affidavit for Service by Publication that alleged that the Homeowners could not be found within Florida. Relevantly, the affiant certified the following as true:

> 4. That Affiant has made a diligent search, an honest and conscientious effort and inquiry and good faith efforts on information available to located [the Homeowners] by use of:
>     a. Process servers/investigators,
>     b. Computerized legal research and people trackers,
>     c. Skip traces, and
>     d. DBPR license searches.
>
> 5. That the residences of [the Homeowners] is unknown and attempts to track down [the Homeowners] at other known addresses reasonably available to Plaintiff have been unsuccessful.

As a result of the Affidavit for Service by Publication, service was published twice in the St. Lucie News Tribune. Due to a lack of response within thirty days, the Association moved for, and the clerk entered, a default. Then, the Association moved for, and the trial court entered, a final default judgment. Consequently, the Fort Pierce property was sold at a foreclosure auction to a third party to whom title was transferred.

The Homeowners subsequently filed the aforementioned Motion to Vacate and Quash, along with affidavits in support of the motion. According to these filings, a diligent search was not conducted because the applicable public records would indicate that the Homeowners'

---

[1] Two entries noted the placement and removal of a card or note.

primary residence was the Harbor Drive property where they had resided since 2010.  Further, they claimed that the Association knew their primary address, there had been prior litigation between the parties, the Association knew the Fort Pierce property was a rental property, and the Association possessed the Homeowners' email address.

At the hearing on the Motion to Vacate and Quash, the parties essentially recounted the facts as described above with a few additions.  The Homeowners contended that, since there was no car in the driveway of the Fort Pierce property and it "appeared vacant," it was reasonable to presume that no one lived there; yet, for some unexplained reason, the Association did not attempt to serve the Homeowners at either the Harbor Drive or Crandon Boulevard addresses.

The Association acknowledged that the demand letters were sent to "two different Miami addresses," and conceded that the Homeowners signed the certified mail receipt at the Harbor Drive property.  However, counsel for the Association claimed that "mail had been shut off at the Harbor Drive [property]," which caused the Association to believe that the Homeowners did not live there either.  Counsel further maintained that the Association attempted service three weeks after a hurricane, but "access to the Keys had been cut off and people had been evacuated."

The court ultimately determined there was "insufficient evidence to grant the motion," and denied the Homeowners' Motion to Vacate and Quash.  An order was later entered to that effect.  The trial court denied a subsequent motion for rehearing filed by the Homeowners, and this appeal followed.

"An order denying a motion to vacate a default judgment is reviewed under an abuse of discretion standard." *Fla. Eurocars, Inc. v. Pecorak*, 110 So. 3d 513, 515 (Fla. 4th DCA 2013); *see also Lloyd's Underwriter's At London v. Ruby, Inc.*, 801 So. 2d 138, 139 (Fla. 4th DCA 2001) ("It is an order *granting* a motion to vacate which is reviewed under a *gross* abuse of discretion standard." (Emphasis in original)).

We recently stated:

> "Substitute service statutes are an exception to the rule requiring personal service, and . . . must be strictly construed . . . to protect a defendant's due process rights." *Clauro Enters., Inc. v. Aragon Galiano Holdings, LLC*, 16 So. 3d 1009, 1011 (Fla. 3d DCA 2009).  The fundamental purpose of service is to give proper notice to a defendant in a case so that the

3

party is answerable to the claim of the plaintiff and, therefore, to vest jurisdiction in the court entertaining the controversy. *Shurman v. Atl. Mortg. & Inv. Corp.*, 795 So. 2d 952, 953 (Fla. 2001). Where constructive service is attempted, the trial court must determine both whether the affidavit of diligent search filed by the plaintiff is legally sufficient, and whether the plaintiff conducted an adequate search to locate the defendant. *Giron v. Ugly Mortg., Inc.*, 935 So. 2d 580, 582 (Fla. 3d DCA 2006) (citing *Se. & Assocs., Inc. v. Fox Run Homeowners Assoc., Inc.*, 704 So. 2d 694, 696 (Fla. 4th DCA 1998)). Substitute service is unauthorized if personal service could be obtained through reasonable diligence; the test is "whether the complainant reasonably employed knowledge at his command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the information necessary to enable him to effect personal service on the defendant." *Coastal Capital Venture, LLC v. Integrity Staffing Sols., Inc.,* 153 So. 3d 283, 285 (Fla. 2d DCA 2014) (citations omitted). This is because "there is a strong public policy interest in seeing that a defendant receives notice of any action against him so that he may have his day in court in accordance with due process requirements." *Id.*

*Green Emerald Homes, LLC v. Bank of New York Mellon*, 204 So. 3d 512, 515 (Fla. 4th DCA 2016); *accord* § 49.011, Fla. Stat. (2017); § 49.021, Fla. Stat. (2017); § 49.041, Fla. Stat. (2017); *Martins v. Oaks Master Prop. Owners Ass'n, Inc.*, 159 So. 3d 142, 145-46 (Fla. 5th DCA 2014); *First Home View Corp. v. Guggino*, 10 So. 3d 164, 165 (Fla. 3d DCA 2009).

"If the trial judge were to find the affidavit to be defective on its face, service would be void as to the bona fide purchaser." *Lewis v. Fifth Third Mortg. Co.*, 38 So. 3d 157, 160 (Fla. 3d DCA 2010). "If the trial judge finds the affidavit sufficient on its face, but were to determine that a diligent search was not performed, the foreclosure would be voidable, not void, as to the bona fide purchaser." *Id.*

In *Martins*, the Fifth District considered facts strikingly similar to this case. There, a homeowner's association filed a foreclosure complaint against Martins. *Martins*, 159 So. 3d at 144. The association addressed a letter containing a claim of lien to Martins at the subject property; thereafter, a service processor attempted to serve him at the same address, but found the house unfurnished and without power. "A neighbor reported that the owner [was] there now and then." *Id.* Subsequently, the

4

association filed an affidavit for service by publication describing several methods used to attempt to contact Martins. *Id.* at 144-45. The association published a notice in a local newspaper, the clerk granted default, and the trial court entered summary final judgment in favor of the association. *Id.* at 145. Consequently, the property was sold at public auction to a third party.

Martins then filed a motion to vacate final judgment, void sale of real property, vacate default, and quash service of process. He insisted that the association's search was insufficient because it failed to consult: public records outside of Osceola County, the voter registration records, the Osceola County Tax Collector's records, the Florida Department of Motor Vehicle records, Martins' neighbors, or utility companies servicing the subject property. He claimed that had the association consulted these resources, it would have discovered that he lived in Cutler Bay, Florida, not Osceola County. In addition, Martins stressed that the association had previously mailed correspondence to his Cutler Bay address, but never attempted service at that location.

The Fifth District ruled, "[A]lthough the HOA made some effort to obtain Martins' address, its search was less than diligent because his address was easily accessible . . . ." *Id.* at 147. "[N]ot only was the HOA's search insufficient, but the HOA's affidavit [wa]s patently inaccurate in that it fail[ed] to disclose that the HOA was aware of Martins' Cutler Bay address." *Id.* The Fifth District reversed and remanded the trial court's order denying Martins' motion to vacate and quash because the summary final judgment was void—all while considering the appeal under the heightened and incorrect standard of review of *gross* abuse of discretion.[2]

---

[2] The court cited to several relevant cases in support of its decision:

> *See Godsell*, 923 So. 2d at 1215 (finding that final judgment of foreclosure was void where the constructive service on defendant was ineffective due to the plaintiff's failure to do a diligent search and failure to include, inter alia, any reference to the defendant's possible Canadian address); *Miller*, 31 So.3d at 228 (finding that constructive service by publication was defective based on the fact that plaintiffs knew the defendant's physical address, the defendant had previously been served twice at his known address, and the plaintiffs' attorney had mailed correspondence to the defendant's known address; and reversing final default judgment of partition); *Gans v. Heathgate–Sunflower Homeowners Ass'n, Inc.*, 593 So. 2d 549, 551 (Fla. 4th DCA 1992) (finding that two unsuccessful service attempts were not sufficient to allow for service by publication where the plaintiff failed to ascertain the defendant's whereabouts

This case is an example whereby a foreclosure is void as a matter of law for two reasons: (1) the Affidavit for Service by Publication was facially defective, and (2) the Association did not conduct a diligent search. *See Lewis*, 38 So. 3d at 160. First, the Affidavit was "patently inaccurate" because it failed to note that the Association was aware of the Homeowners' Harbor Drive address. *See Martins*, 159 So. 3d at 147. Second, while the Association made some effort to search for and serve the Homeowners, it failed to uncover an easily accessible address. *See id.* The Association possessed a certified mail receipt indicating that the Homeowners received mail at the Harbor Drive address and an email address to contact the Homeowners and inquire as to their primary residential address. This information was sufficient to provide a basis for service at the Harbor Drive address, or at least the reasonable likelihood of the address's discovery.

We reverse and remand because the trial court erred by denying the Homeowners' Motion to Vacate and Quash since the affidavit was facially deficient and a diligent search was not conducted. *See id.*

*Reversed and remanded.*

TAYLOR, LEVINE and KLINGENSMITH, JJ., concur.

\*   \*   \*

***Not final until disposition of timely filed motion for rehearing.***

---

by talking to her neighbors, or trying to contact her by phone or by mail); *Redfield*, 990 So. 2d at 1138–39 (finding that plaintiff's search fell below the statutory and constitutional requirements necessary to satisfy Florida's service of process by publication law where plaintiff made some efforts to locate the defendant, but the sworn statement did not indicate that the plaintiff contacted the source that most likely could have provided information regarding the defendant); *Floyd*, 704 So. 2d at 1112 (finding that the affidavit omitted the most meaningful search, namely "getting out of the office, finding the property, inquiring of persons in possession of the property, or talking with neighbors, relatives or friends").

*Martins*, 159 So. 3d at 147.