CRENSHAW, Judge.
1321 Whitfield, LLC, a Florida limited liability company, appeals the final judgment of mortgage foreclosure entered in favor of Carmen Silverman. Whitfield raises two issues on appeal. First, Whitfield argues that the trial court was without jurisdiction to enter the final judgment of foreclosure because Silverman’s constructive service of process upon Whitfield was not permitted by statute. Second, Whitfield argues that constructive service of process was improper because Silver-man failed to make a diligent search and inquiry to effect personal service on the registered agent. We affirm the final judgment of foreclosure because constructive service of process by publication upon a limited liability company is permitted under section 49.021(2), Florida Statutes (2009). And because Whitfield has failed to show reversible error on the face of the record, we affirm the trial court’s finding that Silverman made a diligent search and inquiry to effect personal service on the registered agent.
Whitfield received a loan from Silver-man in the amount of $150,000, which was secured by a promissory note and a mortgage on Whitfield’s property in Sarasota. Silverman initiated a foreclosure action against Whitfield for failing to make payments required by the note. After several unsuccessful attempts to personally serve process upon Whitfield’s registered agent, Silverman ultimately served process upon Whitfield through publication in the Bra-denton newspaper. Silverman then filed a motion for entry of default against Whitfield which was entered in April 2010. Whitfield filed a subsequent motion to quash service of process. The trial court denied the motion after a hearing and entered the final judgment of mortgage foreclosure.
Whitfield contends that Silver-man’s service of process by publication was improper because constructive service of process upon a limited liability company is not permitted. We disagree. Service of process against a limited liability company is governed by section 608.463(1), Florida Statutes (2009). The statute permits service of process “in accordance with chapter 48 or chapter 49, as if the limited liability company were a partnership” or “upon the registered agent at the agent’s street address.” Here, service of process was served under chapter 49 — specifically, section 49.021(2) — which provides for service of process by publication upon “any corporation or other legal entity ” where personal service of process cannot be effectuated. (Emphasis added.) Whitfield argues that the language providing for service of process by publication upon any “other legal entity” excludes limited liability companies and partnerships. Whitfield relies upon the principle of statutory construction that a specific statute controls over a general statute concerning the same subject, to argue that section 48.061, Florida Statutes (2009), controls over section 49.021, because section 48.061 specifically governs service of process on partnerships. “Such a reading, however, contravenes another well-accepted precept of statutory construction which requires reconciliation among seemingly disparate provisions of a statute so as to give effect to all its parts.” Turnberry Court Corp. v. Bellini, 962 So.2d 1006, 1009 (Fla. 3d DCA 2007) (citing Woodgate Dev. Corp. v. Hamilton Inv. Trust, 351 So.2d 14, 16 (Fla.1977)). Further, “ ‘[tjhere must be a hopeless inconsistency before rules of construction are applied to defeat the plain language of one of the statutes.’ ” Knowles v. Beverly Enters.-Fla., Inc., 898 So.2d 1, 9 (Fla.2004) *437 (quoting Agency for Health Care Admin. v. In re Estate of Johnson, 743 So.2d 83, 87 (Fla. 3d DCA 1999)). We conclude that section 48.061 can be read in harmony with section 49.021, and the plain language of section 49.021(2) providing for service of process by publication on “any corporation or other legal entity” applies to partnerships and limited liability companies. Therefore, Silverman’s service of process by publication upon Whitfield was permitted by section 49.021(2).
Whitfield challenges the trial court’s findings that Silverman made a diligent search and inquiry to effectuate personal service of process on the registered agent and that such efforts were sufficient to support service of process by publication. We are unable to meaningfully review these findings because there is no transcript of the hearing on Whitfield’s motion to quash service of process. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979) (“Without a record of the trial proceedings, the appellate court can not [sic] properly resolve the underlying factual issues so as to conclude that the trial court’s judgment is not supported by the evidence or by an alternative theory.”). And because Whitfield has failed to demonstrate reversible error on the face of the record, we affirm the final judgment of mortgage foreclosure.
Affirmed.
CASANUEVA and KHOUZAM, JJ., Concur.