GREEN EMERALD HOMES, LLC, Appellant,

v.

The BANK OF NEW YORK MELLON, f/k/a The Bank of New York, as Trustee for the Certificate Holders of Cwabs Inc., Asset–Backed Certificates, Series 2006–26, Appellee.

No. 4D15–848.

District Court of Appeal of Florida, Fourth District.

Aug. 3, 2016.

tures.

Brian M. Becher of Shapiro, Blasi & Wasserman, P.A., Boca Raton, for appellant.

Gina L. Bulecza, Jacksonville, for appellee.

WARNER, J.

Appellant Green Emerald Homes, LLC, appeals an order of the trial court denying its amended motion to quash service of process in a mortgage foreclosure proceeding filed by Bank of New York Mellon. The Bank resorted to constructive service by publication when the process server could not serve the resident agent at the company's designated address. The court denied the motion, concluding that the Bank only needed to attempt service at the company's designated address before resorting to constructive service. Because the statutes governing constructive process require performance of a diligent search and inquiry as to the whereabouts of the individuals who could bind the company, and no such search was performed, we reverse the order denying appellant's motion to quash.

Upon the filing of the foreclosure complaint, the Bank sought to serve appellant, a limited liability company. The Bank's process server attempted five times over the course of six days to serve Roberta Kaplan, the resident agent and manager for appellant, at the company's designated address in Delray Beach. The office was closed each time, and the process server noted that there were other notices on the door of the office, indicating that other process servers had attempted service at that address. The process server then filed an affidavit of diligent search for appellant's current address. On the form affidavit, the process server checked off such things as a search of social security numbers, voter registrations, prison records, and the like—all sources of information which would apply to real persons, not a corporation or LLC. The process server did not perform an address search for Kaplan. Based upon the affidavit of diligent search, the Bank used constructive service through publication to serve appellant.

Appellant moved to quash service of process, arguing that no diligent search had been made to ascertain the whereabouts of Kaplan, the resident agent, other than service at the corporate office. Kaplan filed an affidavit stating that she was not avoiding service, and she had a homestead residence in Palm Beach County, which address was listed with the property appraiser as well as in the public records. The court held a hearing on the issue. The process server testified that he had made the five attempts to serve Kaplan at the corporate office but had made no other attempts to locate Kaplan. Interestingly, in cross-examination, the process server admitted that although he had made no attempt to serve Kaplan at any other ad-

dress than the corporate address, when specifically asked whether he had attempted to serve her at her home address, he responded, "On *this case,* no." (Emphasis added).

The Bank took the position that it was not required to serve appellant at any address other than the one designated for the registered agent in the company's corporate filings, or to conduct any further search for the whereabouts of the resident agent. The trial court agreed and denied the motion, prompting this appeal.[1]

The trial court's ruling on this motion presents a pure question of law, which we review de novo. *Hernandez v. State Farm Mut. Auto. Ins. Co.,* 32 So.3d 695, 698 (Fla. 4th DCA 2010). "Substitute service statutes are an exception to the rule requiring personal service, and ... must be strictly construed ... to protect a defendant's due process rights." *Clauro Enters., Inc. v. Aragon Galiano Holdings, LLC,* 16 So.3d 1009, 1011 (Fla. 3d DCA 2009). The fundamental purpose of service is to give proper notice to a defendant in a case so that the party is answerable to the claim of the plaintiff and, therefore, to vest jurisdiction in the court entertaining the controversy. *Shurman v. Atl. Mortg. & Inv. Corp.,* 795 So.2d 952, 953 (Fla. 2001). Where constructive service is attempted, the trial court must determine both whether the affidavit of diligent search filed by the plaintiff is legally sufficient, and whether the plaintiff conducted an adequate search to locate the defendant. *Giron v. Ugly Mortg., Inc.,* 935 So.2d 580, 582 (Fla. 3d DCA 2006) (citing

*Se. & Assocs., Inc. v. Fox Run Homeowners Assoc., Inc.,* 704 So.2d 694, 696 (Fla. 4th DCA 1998)). Substitute service is unauthorized if personal service could be obtained through reasonable diligence; the test is "whether the complainant reasonably employed knowledge at his command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the information necessary to enable him to effect personal service on the defendant." *Coastal Capital Venture, LLC v. Integrity Staffing Sols., Inc.,* 153 So.3d 283, 285 (Fla. 2d DCA 2014) (citations omitted). This is because "there is a strong public policy interest in seeing that a defendant receives notice of any action against him so that he may have his day in court in accordance with due process requirements." *Id.*

Service on a limited liability company pursuant to section 608.463(1)(a), Florida Statutes (2014), which was in effect for service in this case but has since been repealed, may be "in accordance with chapter 48 or chapter 49, as if the limited liability company were a partnership." § 608.463(1)(a), Fla. Stat. (2014); *see 1321 Whitfield, LLC v. Silverman,* 67 So.3d 435, 436 (Fla. 2d DCA 2011). As section 49.021, Florida Statutes (2014), allows for constructive service on corporations and other legal entities, it authorizes such service on limited liability companies. *1321 Whitfield,* 67 So.3d at 436.

A prerequisite to constructive service of process is the filing of a sworn statement stating that a diligent search for

1. In its brief, the Bank acknowledges that the statute governing limited liability companies was recently revised by the Florida Legislature when it created a new Chapter 605, governing LLCs. However, the Bank also noted that appellant was formed prior to the effective date of that act. Therefore the provisions of Chapter 608 regarding LLCs would apply to the service in this case. We also note that the service statute was changed to specifically provide for service on LLCs. *See* § 48.062, Fla. Stat. (2015). However, the Bank did not avail itself of service pursuant to this section and used constructive service instead.

persons sought to be served has been made. *See* § 49.031, Fla. Stat. (2014). Appellant has cited to the requirements for a diligent search and inquiry for a corporation in section 49.051, Florida Statutes (2014), to show that the Bank did not conduct an adequate search. That section applies to sworn statements where a corporation is a defendant and specifically refers to resident agents. If we follow section 608.463(1)(a), limited liability companies are to be served in accordance with chapter 48 or chapter 49, as if the limited liability company were a partnership. And section 48.061(2), Fla. Stat. (2014), provides that process against a domestic limited partnership may be served on any general partner or agent.

■ Regardless, under the constructive service statutes, whether the party to be served is a corporation, partnership, or simply a natural person, a diligent search for the whereabouts of the person to be served is required. *See* §§ 49.041, 49.051, 49.061, Fla. Stat. (2014). For instance, under section 49.051, the sworn statement must state "that diligent search and inquiry have also been made, to discover the names and *whereabouts of all persons upon whom the service of process would bind the said corporation* and that the same is specified as particularly as is known to the affiant[.]" (Emphasis added). Further, that statute requires:

That all officers, directors, general managers, cashiers, *resident agents*, and business agents of the corporation, either:

(a) Are absent from the state; or

(b) Cannot be found within the state; or

(c) Conceal themselves so that process cannot be served upon them so as to bind the said corporation; or

(d) That their whereabouts are unknown to the affiant.

§ 49.051(3), Fla. Stat. (emphasis added). And in section 49.061(3), Florida Statutes, the sworn statement regarding a party who may have done business in a corporate name must state "[t]he *names, and places of residence if known*, of all persons known to have been interested in such organization, and whether or not other or unknown persons may have been interested in such organization[.]" (Emphasis added).

■ In *Redfield Investments, A.V.V. v. Village of Pinecrest*, 990 So.2d 1135, 1138–39 (Fla. 3d DCA 2008), the court considered the adequacy of a diligent search prior to constructive service on a foreign corporation. The court noted that although the plaintiff had made some attempts to locate the defendant, the "sworn statement submitted by Pinecrest is deafeningly silent concerning the most likely source of potential information regarding the *'status' of the corporate defendant or 'persons upon whom the service of process would bind the said corporation.'*" *Id.* (emphasis added). In other words, the diligent search and sworn statement must include persons upon whom service could be made, such as the officers or resident agent.

■ Whether the limited liability company is regarded as a corporation or as persons doing business as a corporation or as a partnership, a diligent search must be made for the *individuals* on which service may be made before a resort to constructive service can be upheld. Here, as in *Redfield*, not only is the sworn statement woefully inadequate, it is "deafeningly silent" on any search for the residence or other address for Kaplan, who was both the general manager and resident agent. *Id.* It is apparent that the residence of Kaplan was readily discoverable by simply checking the tax assessor and tax collector records, which the Bank's process server reviewed for appellant, but not for Kaplan. The affidavit on its face is insufficient to

permit constructive service because it did not contain any statements that any search at all had been made for *any* individual upon which service could be made.

The Bank contends that attempting service at the street address of the corporation for five days should be sufficient. It is not. The statutes on constructive service must be strictly followed to comply with due process and secure jurisdiction over the party. This was not done, and the trial court erred in denying the motion to quash service.

*Reversed.*

FORST and KLINGENSMITH, JJ., concur.