DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GREG HOWARD,**
Appellant,

v.

**DAVID GUALT,**
Appellee.

No. 4D18-1451

[October 31, 2018]

Appeal of non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Raag Singhal, Judge; L.T. Case No. CACE13-025083 (21).

Matthew R. Simring, Lauderdale By The Sea, for appellant.

Glenn J. Webber, Stuart, for appellee.

MAY, J.

A guarantor appeals a non-final order denying his verified motion to vacate a default judgment in an underlying mortgage foreclosure action. He argues the trial court erred in denying the motion because he acted with due diligence in moving to set aside the default and has meritorious defenses, while the plaintiff failed to exercise due diligence to personally serve him. We agree and reverse.

The plaintiff sued for breach of a guarantee related to a mortgage note issued to a corporation. The guarantor signed the note in his capacity as the corporation's managing member and as an individual. In 2013, a summons was issued to 2000 Banks Road, Margate, Florida, 33063, the corporation's address. The plaintiff did not personally serve the guarantor, but did make two other attempts at service after utilizing Sunbiz.org to find businesses with which the guarantor was affiliated.

Plaintiff's counsel filed an "affidavit in support of service by publication," stating that a diligent search and inquiry had been made to locate the guarantor's residence. Following court-ordered approval, the plaintiff then published notice of the action in the *Sun-Sentinel.*

The plaintiff filed an amended motion for entry of default final judgment. The trial court entered the default final judgment in the principal amount on June 21, 2016. On April 20, 2017, the guarantor filed a verified motion to vacate default final judgment, asserting that he first became aware of the lawsuit when a process server came to his house on April 1, 2017 to serve him with a "subpoena for deposition in aid of execution of the default final judgment."

He alleged the plaintiff failed to conduct a diligent search to personally serve him. He argued that he did not attempt to conceal his whereabouts and has lived in Florida his entire adult life. The plaintiff responded to the motion, listing the three attempts made to serve him.

At the hearing on the motion, the trial court noted the preference to resolve cases on the merits and that the plaintiff was able to serve the guarantor in 2017 for a deposition. The guarantor indicated that he was living at a different address in 2013. The plaintiff responded that under public records, the guarantor's prior address did not show up.

The trial court denied the motion to set aside, finding the "[p]laintiff made attempts to serve the guarantor at three separate addresses", and ultimately served the guarantor by publication based on a trial court's order. From this order, the guarantor appeals.

We review such orders for an abuse of discretion. *See SunTrust Bank v. Puleo*, 76 So. 3d 1037, 1038 (Fla. 4th DCA 2011). When there is a challenge to constructive service, "the trial court has the duty of determining not only if the affidavit of diligent search is legally sufficient but also whether the plaintiff conducted an adequate search to locate the defendants." *Giron v. Ugly Mortg., Inc.*, 935 So. 2d 580, 582 (Fla. 3d DCA 2006).

The guarantor argues the trial court erred in denying the motion to vacate the default judgment because the plaintiff failed to conduct a diligent search to locate him. The guarantor maintains that the plaintiff's use of a Sunbiz.org search was not a reasonably diligent effort. Finally, the guarantor argues that he has meritorious defenses to the action and exercised due diligence in moving to vacate the default judgment.

The plaintiff responds that he conducted a diligent search, and the trial court's order denying the motion to vacate is supported by competent substantial evidence.

Substitute service is unauthorized if personal service could be obtained

2

through reasonable diligence. The test is "whether the complainant reasonably employed knowledge at his command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the information necessary to enable him to effect personal service on the defendant." *Green Emerald Homes, LLC v. Bank of N.Y. Mellon*, 204 So. 3d 512, 514 (Fla. 4th DCA 2016) (citations omitted); Fla. Stat. § 49.021 (2014).

The plaintiff's affidavit of diligent search provided:

> A diligent search and inquiry has been made to locate the residence of [the guarantor] . . . despite our diligent search and inquiry, attempts to locate [the guarantor] have been unsuccessful. The current address of [the guarantor] is unknown to the affiant. On information and belief [the guarantor] is concealing his whereabouts so that process cannot be personally served and I believe there is no person in Florida upon whom service of process would bind [the guarantor].

The affidavit appears legally sufficient, despite being conclusory, because it need only allege that a diligent search and inquiry was made. *See Floyd v. Fed. Nat'l Mortg. Ass'n*, 704 So. 2d 1110, 1112 (Fla. 5th DCA 1998). However, the underlying facts must show that "the complainant reasonably employed the knowledge at his command, made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstance to acquire the information necessary to enable him to effect personal service on the defendant." *Green Emerald Homes, LLC*, 204 So. 3d at 514.

Here, the plaintiff maintained that the guarantor's business addresses remained the same and he was listed as the registered agent, but the address listed in the guarantor's motion did not show up at the property appraiser's office because he was only a tenant. Plaintiff's counsel argued that his client hired an investigator who could not find the guarantor.

The guarantor responds that the plaintiff's use of Sunbiz.org, instead of "skip trace" or something comparable, did not constitute a diligent search. He further argues that because plaintiff's counsel's affidavit concerning attorney's fees only reflected 2.85 hours of work, he essentially conducted no search, let alone a diligent one.

In *Southeast & Associates, Inc. v. Fox Run Homeowners Ass'n*, 704 So. 2d 694, 696 (Fla. 4th DCA 1997), we held that a diligent search was

conducted when evidence showed the plaintiff's affidavit listed "nine attempts at personal service, the contact with the neighbors, the two skip traces, and the trip to a retail establishment where the process server learned that the lessee had moved out in the middle of the night."

In *First Home View Corp. v. Guggino*, 10 So. 3d 164, 164 (Fla. 3d DCA 2009), the Third District held that due diligence was satisfied when a lender hired an investigator, who discovered the homeowner had two New York addresses, but attempts to personally serve him there failed. The investigator also searched his credit information, employment, and checked the motor vehicle department, postal service, and telephone companies before serving the homeowner by publication. *Id.* at 164-65; *see also Gans v. Heathgate-Sunflower Homeowners Ass'n*, 593 So. 2d 549, 552 (Fla. 4th DCA 1992).

Here, the plaintiff argues the guarantor could not be served at the address provided to the Secretary of State, and was not listed as the property owner on the Broward County Property Appraiser's website at the address where he was actually living because he was a tenant. Following a Sunbiz.org search, three attempts were made to serve him. However, the record does not reflect any attempt to use a skip trace or a comparable method, any search of phone bills, credit information, or the DMV, etc.— as took place in *First Home View Corp.* And, the plaintiff was ultimately able to serve the guarantor at his home address with the subpoena duces tecum in aid of execution. Plaintiff's counsel did not explain how he later found the guarantor for service of the subpoena.

In short, neither the plaintiff nor his counsel appear to have diligently searched for the guarantor before resorting to notice by publication. Here, the record reflects only three attempts at service at addresses located through Sunbiz.org. The record is silent as to any follow-up investigation. As the guarantor points out, plaintiff's counsel spent only spent 2.85 total hours on the case.

Florida law provides a strong preference for determining lawsuits on the merits, and "courts should liberally set aside defaults under appropriate circumstances." *Geer v. Jacobsen*, 880 So. 2d 717, 720 (Fla. 2d DCA 2004). Once a default judgment is entered, it is the moving party's burden to demonstrate "excusable neglect, a meritorious defense, and due diligence in order for the trial court to vacate the default and the judgment." *Id.* (citations omitted).

Here, the trial court found (and the plaintiff agreed) the guarantor was diligent in moving to vacate the default final judgment and may have a

meritorious defense. The guarantor filed an Answer and Affirmative Defenses, demonstrating the possibility of that meritorious defense.

And the court seemed to indicate the age of the case mattered. "[I]f this was a [2017] situation, I would guarantee that [I'd want to resolve the case on the merits], my only worry is it's a [2013] case." The age of the case is not a factor to consider in determining whether to set aside a default.

The guarantor was served with notice of a deposition on April 1, 2017, which was the first time he learned of the suit. The guarantor moved to vacate the default 19 days later. Because the guarantor acted with due diligence to set aside the default, and demonstrated a potential meritorious defense, we reverse. *See Miami-Dade County v. Coral Bay Section C Homeowners Ass'n*, 979 So. 2d 318, 324 (Fla. 3d DCA 2008).

We therefore reverse and remand the case for the trial court to set aside the default judgment, and for further proceedings consistent with this opinion.

GERBER, C.J., and GROSS, J. concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

5