# Third District Court of Appeal

## State of Florida

Opinion filed June 19, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0954
Lower Tribunal No. 20-18629
_____

## Imperial Air Services, Inc., et al.,
Appellants,

vs.

## Christian Flores,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Houston Roderman, PLLC, and Bart A. Houston (Fort Lauderdale), for appellants.

Sasha Bardelas, P.A., and Sasha Bardelas, for appellee.

Before EMAS, SCALES and MILLER, JJ.

PER CURIAM.

Affirmed. <u>See</u> § 48.081(3)(a), Florida Statutes (2020) ("As an alternative to [the hierarchical service on corporate officers pursuant to section 48.081(1)-(2)], process may be served on the agent designated by the corporation under s. 48.091. **However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent**. A person attempting to serve process pursuant to this paragraph may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is temporarily absent from his or her office.") (emphasis added); § 48.091(2), Fla. Stat. (2020) ("Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours. The corporation shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.") <u>See also</u> <u>Zarate v. Deutsche Bank Nat'l Tr. Co.</u>, 81 So. 3d 556, 557 (Fla. 3d DCA 2012) ("An appellant has the burden to present a record that will overcome the presumption of the correctness of the trial court's findings."); <u>1321 Whitfield,</u>

LLC v. Silverman, 67 So. 3d 435, 437 (Fla. 2d DCA 2011) ("We are unable to meaningfully review these findings because there is no transcript of the hearing on [appellant]'s motion to quash service of process.") (citing Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla.1979)) ("When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal. The trial court should have been affirmed because the record brought forward by the appellant is inadequate to demonstrate reversible error.")