PER CURIAM.
The appellant/tenant appeals a final judgment for a breach of lease agreement in which the trial court included accelerated rent due pursuant to the lease provisions. Appellant has not provided the court with a transcript of the trial proceedings. Therefore, we must affirm as to most issues. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
However, we reverse on one issue which is apparent on the face of the final judgment and was conceded by the appellee in its response to the tenant’s motion for new trial. The trial court erred in failing to include a provision in the final judgment reserving jurisdiction for the tenant to request an accounting for any credit that tenant may be due for subsequently collected rents through the end of the lease term. Quintero-Chadid Corp. v. Gersten, 582 So.2d 685 (Fla. 3d DCA 1991); Jimmy Hall’s Morningside, Inc. v. Blackburn & Peck Enters., 235 So.2d 344 (Fla. 2d DCA 1970).
With respect to appellant’s claim that the accelerated rent should have been reduced to present money value, while it appears on the face of the record that it was not so reduced, the lack of a transcript prevents us from determining whether this issue was properly preserved by objection below.
Affirmed in part; reversed in part and remanded.
WARNER, KLEIN and SHAHOOD, JJ., concur.