SUAREZ, J.
 

 Rafael Jack Zarate [“Zarate”], defendant below, appeals from the trial court’s denial, without prejudice, of his motion for relief from judgment and/or rehearing of the plaintiffs, Deutsche Bank National Trust Co., as Trustee [“Deutsche Bank”], motion for summary judgment in this residential foreclosure action. We affirm.
 

 In 2005, Zarate executed and delivered a promissory note and mortgage to Wilmington Finance, a division of AIG Federal
 
 *557
 
 Savings Bank.
 
 [1]
 
 The mortgage was recorded in Miami-Dade County. Deutsche Bank now holds the note and mortgage. In December 2006, Zarate defaulted, and in March 2007, Deutsche Bank filed to foreclose. In April 2007, Deutsche Bank moved for summary final judgment, and in May 2007, having received no response from the defendant, Deutsche Bank moved for default judgment. In September 2007, the circuit court issued a final judgment of mortgage foreclosure. On November 28, 2007, Zarate filed a suggestion of bankruptcy, and the sale scheduled for the following day was stayed.
 
 [2]
 
 The sale of the property was eventually reset to March 2008, again to July 2009, and yet again to September 2010.
 

 On September 13, 2010, Zarate’s emergency motion to cancel the sale was denied. Zarate attempted to re-negotiate the loan, but to no avail. The property was sold to Deutsche Bank on September 14, 2010, and Deutsche Bank took title; the Certificate of Title recites that “no objections to the sale have been filed within the time allowed for filing objections.” In November 2010, the trial court denied Zarate’s objection to sale and motion to mediate. In May 2011 the trial court denied, without prejudice, Zarate’s motion for relief from judgment and/or rehearing on Deutsche Bank’s motion for summary judgment.
 
 [3]
 
 As indicated in the record, and pointed out by Deutsche Bank, Za-rate’s May 3, 2011, motion for relief from judgment (which judgment was entered in September 2007) and/or rehearing of Deutsche Bank’s motion for summary judgment (filed August 2007) is three years and seven months late.
 

 Zarate argues that Deutsche Bank’s pleadings are not “well-pled” but he fails to identify any deficiency in those pleadings. Zarate argues that the affidavit attached to Deutsche Bank’s motion for summary judgment is legally insufficient to support the judgment.
 
 [4]
 
 The attorney who prepared the affidavit stated that she based her affidavit on a review of the business records of the action, rather than on “personal knowledge.” The only attachment is the original mortgage and note. Zarate argues that sworn, certified copies of the business records should have been attached. An appellant has the burden to present a record that will overcome the presumption of the correctness of the trial court’s findings.
 
 Dade Cnty. Bd. of Pub. Instruction v. Foster,
 
 307 So.2d 502 (Fla. 3d DCA 1975). The record here, however, contains no transcript of the summary judgment hearing at which such issues should have and could have been raised. As a result, we do not know if Zarate argued these concerns at the hearing, or if any objection was made to the court’s consideration of the issues.
 
 See Applegate v. Barnett Bank of Tallahassee,
 
 377 So.2d 1150 (Fla.1979) (affirming be
 
 *558
 
 cause the record brought forward by the appellant was inadequate to demonstrate reversible error). Where there is no record of the testimony of witnesses or of evidentiary rulings, and where a statement of the record has not been prepared pursuant to Florida Rule of Appellate Procedure 9.200(a)(3) or (b)(3), a judgment which is not fundamentally erroneous on its face must be affirmed.
 
 Ahmed v. Travelers Indem. Co.,
 
 516 So.2d 40, 40 (Fla. 3d DCA 1987). Here, in the absence of a record of the summary judgment hearing, we must assume that the trial court’s order was correctly decided.
 

 The record is devoid of any evidence to contradict the appropriateness of foreclosure, and we thus affirm the trial court’s denial of relief from judgment both on legal insufficiency of the appellant’s arguments and the fact that he is procedurally barred from challenging a three-year-old judgment.
 

 Affirmed.
 

 [1]
 

 . Mortgage Electronic Registration Systems, Inc. (MERS) was the mortgagee listed in the Note.
 

 [2]
 

 . Zarate filed the bankruptcy action two months after the final judgment of mortgage foreclosure issued. The bankruptcy filing only acted to stay the first scheduled sale of the property because on January 29, 2008, the United States Bankruptcy Court dismissed Zarate’s case for failure to make pre-confir-mation plan payments and for failure to appear at the section 341 Meeting of Creditors.
 

 [3]
 

 . There is no record or transcript of the hearing.
 

 [4]
 

 . Zarate did not answer the Complaint, did not respond to the motion or raise any defenses to it; he did not file any papers or affidavits in opposition to the motion, and only now asserts defenses that should have been brought at the time.