# Third District Court of Appeal

## State of Florida

Opinion filed October 26, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1420
Consolidated: 3D14-2914
Lower Tribunal No. 11-22380

_____

**GMAC Mortgage, LLC,**
Appellant,

vs.

**Pedro Palenzuela, et al.,**
Appellees.


Appeals from the Circuit Court for Miami-Dade County, Marc Schumacher, Judge.

Greenberg Traurig, P.A., and Kimberly S. Mello and Laura J. Bassini (Tampa), for appellant.

Roniel Rodriguez IV, for appellee, L & L Super Investment, Inc.


Before WELLS, SHEPHERD and LOGUE, JJ.

SHEPHERD, J.

The appellant, GMAC Mortgage, LLC, appeals an order releasing escrowed funds in the sum of $393,609.41 to a redeeming party in a mortgage foreclosure action based upon evidence and testimony given at an evidentiary hearing. According to GMAC, the funds represented unpaid interest, insurance premiums, and other escrowed items. The record, however, contains no transcript of the hearing, and GMAC's post-hearing efforts to create a record by affidavits of counsel and the GMAC witness who testified are too little too late. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla. 1979) (affirming because the record brought forward by the appellant was inadequate to demonstrate reversible error). Nor did GMAC attempt to avail itself of the procedure contained in Florida Rule of Appellate Procedure 9.200(b)(4), which governs the preparation of a statement of proceedings when no transcript of the proceeding is available.

GMAC points us to its mortgage documents and section 45.0315 of the Florida Statute (2014), which require that a redeeming party must "tender the performance due under the security agreement" where, as here, "no judgment, order or decree of foreclosure has been entered." However, for reasons not apparent in the record, the trial court's order granting the redemption expressly carved out the escrowed funds for separate treatment. The order reads as follows:

ORDER GRANTING
L&L SUPER INVESTMENT, INC.
MOTION TO REDEEM

THIS CAUSE having come on to be heard on 4/29/14 on L&L Super Investment, Inc. Motion to Redeem First Mortgage and the Court having heard argument of counsel, and being otherwise advised in the premises, it is hereupon

ORDERED AND ADJUDGED that said Motion be, and the same is hereby

The motion is granted. L&L Super Investment, Inc., pursuant to Sec. 45.0315, Fl Stat., shall tender to the plaintiff, on or before May 22, 2014, the sum of $1,372,882.39, which upon tender shall constitute redemption of the mortgage recorded in Miami-Dade County, Florida, Official Records Book 21894 at Pages 3515-3532, recorded 12/10/2003, on property known as 6131 SW 128 St, Miami, FL 33156, legally described as Lot 14, Block 13 of Town and Ranch Estates, according to plat thereof as recorded in Plat Book 50 at page 46-Parcel ID 20-5013-003-1270. Upon redemption this Order shall constitute a satisfaction of said mortgage, extinguishing the mortgage of record. The additional sum of $393,609,41 shall be held by the closing agent in escrow pending disposition by the Court, which shall take place on May 20, 2014 at 9:30 a.m. in Room 626. The redemption payment shall be made by wire to Pendergast & Morgan, P.A. pursuant to its wire instructions, to its account at Suntrust Bank.

There was no court reporter at the hearing, and GMAC did not seek reconsideration, modification, clarification or review of the order. L&L timely tendered the $1,372,882.39 as required, and the hearing resumed on May 20, 2014, as scheduled. At the close of this hearing, the trial court entered a second order. That order reads as follows:

ORDER RELEASING MONIES HELD BY ESCROW AGENT

THIS CAUSE having come on to be heard on 5/20/14 on [L&L Super Investments, Inc.'s] Motion to Redeem Mortgage and [for] release of monies held by escrow agent and the Court having heard

3

argument of counsel, and being otherwise advised in the premises, it is hereupon **based on evidence and testimony given**

> ORDERED AND ADJUDGED that said Motion be, and the same is hereby

> Granted. The escrow agent is hereby directed to release all monies held in escrow pursuant to this Court's Order dated 4/29/14 to L&L Super Investment, Inc. forthwith.

(Emphasis added.) Again, there was no court reporter present at the hearing.

No doubt discomposed, GMAC sought to redeem itself from its failure to preserve a record for review, not by seeking to recreate it pursuant to Rule 9.200(b)(4), but rather through a motion for rehearing and later filed affidavits of its counsel of record and the witness who testified at the hearing. The gravamen of the testimony by affidavit is that the trial judge erred in not accepting the GMAC transaction history which would have conclusively proved that GMAC was entitled to the escrow. The trial court denied the motion.

GMAC has hung itself on its own petard in this case. It seeks reversal on the basis of a non-existent, proper record. What it really wants is a second chance. However, just as in the rules of golf, there are no mulligans in contested legal cases. With rare exceptions, you either prove your case by the close of the evidence at an evidentiary hearing or trial, or you don't. Wolkoff v. Am. Home Mortg. Servicing, Inc., 153 So. 3d 280 (Fla. 2nd DCA 2014) ("Appellate courts do

4

not generally provide parties an opportunity to retry their case upon a failure of proof.").

This case may or may not have had a failure of proof. However, it does suffer from the failure of a record, and that is the significant datum for decision purposes. As we have often said, "[w]here there is no record of the testimony of witnesses or of evidentiary rulings, and where a statement of the record has not been prepared pursuant to Florida Rule of Appellate Procedure 9.200(a)(3) or (b)[4], a judgment which is not fundamentally erroneous on its face must be affirmed." Zarate v. Deutsche Bank Nat. Trust Co., 81 So. 3d 556, 558 (Fla. 3d DCA 2012). There is nothing fundamentally erroneous on the face of the order on appeal in this case.

Affirmed.