# Third District Court of Appeal

## State of Florida

Opinion filed August 2, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1554
Lower Tribunal No. 22-3771 CC
_____


**Jean Claude Joseph II,**
Appellant,

vs.

**Caroline Henry,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Caryn Canner Schwartz, Senior Judge.

Huggins Peil, LLC, and Robert A. Kerr (Evans, GA), for appellant.

No Appearance, for appellee.


Before LINDSEY, GORDO, and LOBREE, JJ.

LINDSEY, J.

Jean Claude Joseph II (the "Landlord") appeals from a county court order dismissing his eviction action against Caroline Henry (the "Tenant") for lack of standing. We affirm because the Landlord did not provide this Court with the relevant hearing transcript.

The Landlord filed an eviction action against the Tenant seeking to terminate her month-to-month tenancy. The Tenant raised several affirmative defenses, including lack of standing due to the property being sold to a new owner. Following a hearing, the trial court dismissed the action for lack of standing. The Landlord then moved for rehearing. The trial court entered an order denying rehearing and explained it had already considered and rejected the grounds raised in the Landlord's motion at the "extensive hearing" on standing. The court further stated that the Landlord admitted he was no longer the owner of the property, and therefore, he had no authority to request substitution with the correct owner. Finally, the order clarified that dismissal was without prejudice to the new owner filing an eviction action.

The Landlord appealed but has not provided this Court with a transcript of the "extensive hearing" on standing. We are therefore compelled to affirm. See Fuhrman v. Sara G 01, LLC, 47 Fla. L. Weekly D2640 (Fla. 3d DCA Dec. 14, 2022) ("[T]he lack of a trial transcript or a proper substitute results

in a record that is inadequate to demonstrate reversible error and requires affirmance.").

It is firmly established that "[i]n appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error." Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979). "An appellant has the burden to present a record that will overcome the presumption of the correctness of the trial court's findings." Zarate v. Deutsche Bank Nat. Tr. Co., 81 So. 3d 556, 557 (Fla. 3d DCA 2012).

As our Supreme Court explained in Applegate:

> Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal.

377 So. 2d at 1152.

Here, the Landlord has failed to overcome the presumption of correctness because he did not provide this Court with a transcript of the hearing in which the lower court considered the issue of standing and ruled to dismiss the eviction action. Accordingly, we affirm.

Affirmed.