# Third District Court of Appeal

## State of Florida

Opinion filed December 4, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0513
Lower Tribunal No. 22-27939-CC-23
_____

**Keystone Towers Condominium Association, Inc.,**
Appellant,

vs.

**Hamid R. Rahimi,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Chiaka Ihekwaba, Judge.

Daniel J. Rose, P.A. and Daniel J. Rose (Delray Beach), for appellant.

Hamid R. Rahimi, in proper person.

Before EMAS, SCALES, and MILLER, JJ.

MILLER, J.

This appeal arises out of a garden-variety water intrusion dispute in a residential condominium building. Appellant, Keystone Towers Condominium Association, Inc. (the "Association"), brought suit in the county court against a condominium dweller, appellee, Hamid R. Rahimi, seeking a mandatory injunction to compel compliance with maintenance obligations imposed under the condominium documents. The crux of the Association's claim was that Rahimi's failure to properly service his air conditioning unit created an overflow, resulting in damage to an adjacent unit. Rahimi, in turn, defended suit on the basis that the source of the water was rain and faulty common elements caused the reported damage.

After convening a non-jury trial, the trial court issued a carefully reasoned final judgment in favor of Rahimi. That judgment is the subject of this appeal.

Our ability to conduct a meaningful review is stymied by the lack of a transcript or its substitute because the questions raised on appeal implicate underlying issues of fact. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can

an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal."). Further, no fundamental error appears on the face of the judgment. See GMAC Mortg., LLC v. Palenzuela, 208 So. 3d 181, 183 (Fla. 3d DCA 2016) ("As we have often said, 'where there is no record of the testimony of witnesses or of evidentiary rulings, and where a statement of the record has not been prepared pursuant to Florida Rule of Appellate Procedure 9.200(a)(3) or (b)[5], a judgment which is not fundamentally erroneous on its face must be affirmed.'") (quoting Zarate v. Deutsche Bank Nat'l Tr. Co., 81 So. 3d 556, 558 (Fla. 3d DCA 2012)) (internal brackets omitted); Thurman v. Davis, 321 So. 3d 341, 344 (Fla. 1st DCA 2021) ("Without a transcript or statement of the evidence, the reviewing court is 'limited to a consideration of any fundamental error which appears on the face of the order' and, finding none, must affirm the final judgment.") (quoting Carney v. Carney, 861 So. 2d 1272, 1273–74 (Fla. 1st DCA 2003)). Accordingly, we affirm the final judgment under review.

Affirmed.