# Third District Court of Appeal

## State of Florida

Opinion filed December 18, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1045
Lower Tribunal No. 22-SC-112-M

_____


**Diane Scott,**
Appellant,

vs.

**Erica Stewart,**
Appellee.


An Appeal from the County Court for Monroe County, James W. Morgan, III, Judge.

Diane Scott, in proper person.

No appearance, for appellee.


Before EMAS, FERNANDEZ and GORDO, JJ.

GORDO, J.

Diane Scott ("Scott"), pro se, appeals a final judgment rendered in favor of Erica Stewart ("Stewart").[1] We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Because Scott is unable to demonstrate the trial court's findings were unsupported, we affirm.

On appeal, Scott challenges the trial court's entry of final judgment in favor of Stewart and argues: (1) the trial court erred in finding Stewart proved her counterclaim for malicious prosecution; (2) the evidence presented supports a finding that Stewart defamed her; (3) the trial court made an error regarding the facts; (4) the trial court's final judgment was "wrong"; (5) the damages were excessive and unjust; and (6) the trial court was biased against her.

It is well settled that "[w]ithout a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory." Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979). "Without knowing the factual context, neither

---

[1] Scott appeals the following orders: the trial court's order entering final judgment in favor of Stewart; the trial court's order striking her motion for recusal; the trial court's order denying her motion for rehearing; and the trial court's order for hearing in aid of execution.

can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal." Id.

Scott contends the judgment against her must be reversed on several procedural and evidentiary grounds. Scott, however, has failed to provide us with a transcript of the bench trial that preceded the final judgment. This failure precludes meaningful appellate review. See Applegate, 377 So. 2d at 1152 ("In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error."); Kvinta v. Kvinta, 277 So. 3d 1070, 1075-76 (Fla. 5th DCA 2019) ("When 'there is no transcript of the testimony presented to the trial judge,' an appellate court should 'give utmost credence to his fact findings, and assume there was the best imaginable evidence adduced to support them.'" (quoting Hudson Pest Control, Inc. v. Westford Asset Mgmt., Inc., 622 So. 2d 546, 547 (Fla. 5th DCA 1993))); Zarate v. Deutsche Bank Nat'l Tr. Co. as Tr., 81 So. 3d 556, 558 (Fla. 3d DCA 2012) ("Where there is no record of the testimony of witnesses or of evidentiary rulings, and where a statement of the record has not been prepared . . . a judgment which is not fundamentally erroneous on its face must be affirmed.").

To the extent Scott is attempting to seek review of the trial court's order striking her motion for recusal, the motion did not "allege[] facts [that] would

create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial." See Valdes-Fauli v. Valdes-Fauli, 903 So. 2d 214, 216 (Fla. 3d DCA 2005). Indeed, the motion did not allege any facts. Scott merely asserted, in a conclusory fashion, that the trial court's decision was "biased." As such, we find the trial court did not err in finding the motion was legally insufficient and failed to comply with the rule governing disqualification of trial judges. See Fla. R. Gen. Prac. & Jud. Admin. 2.330.

Affirmed.