# Third District Court of Appeal

## State of Florida

Opinion filed February 26, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0614
Lower Tribunal No. 20-13938-FC-04
_____

**Hugo Richard Bertete Aguirre,**
Appellant,

vs.

**Andrea Andrukiebich,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Samantha Ruiz Cohen, Judge.

Hugo Aguirre, in proper person.

Andrea Andrukiebich, in proper person.

Before FERNANDEZ, LINDSEY, and LOBREE, JJ.

PER CURIAM.

Hugo Richard Bertete Aguirre (the "Father") appeals a final judgment of dissolution of marriage that awarded Andrea Andrukiebich (the "Mother") child support for the parties' two minor children. We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A). Having found inconsistencies between the order and the attached child support guidelines, we reverse in part and remand with instructions.

Following a four-day bench trial, in this dissolution of marriage case, the trial court entered the challenged final order. The order dissolved the marriage, ratified the parties' marital settlement agreement, and ordered the parties to "comply with the time-sharing and parenting plan delineated herein." Also, the order stated the Father "shall pay to the [Mother], as support for [**two minor children**] the sum of **$434.73** per month until April 1, 2027[.] He shall pay **$141.60** as support for [**one minor child**] beginning April 1, 2027" and cited to the "Child Support Guidelines attached hereto." (Emphasis added).

The referenced and attached Child Support Guidelines included a page titled "Child Support For Order," which provided a table schedule of the child support amounts. This table reflects a different payment schedule than the one itemized in the order. Specifically, the table's figures are inverted, providing: the Father will pay the sum of **$141.60** for **two children** until April

2

1, 2027, when he will then pay **$434.73** for **one minor child** until March 30, 2033.

In this appeal, the Father raises several issues regarding child support. However, he has not provided this Court with the transcripts of the four-day bench trial. Because there is an internal inconsistency between the order on its face, and the attached child support schedule, we reverse in part and remand for the trial court to address this inconsistency. See A.A. v. D.W., 326 So. 3d 1186, 1187-88 (Fla. 2d DCA 2021) (reversing even when there is no transcript of the final hearing because the final judgment "is internally inconsistent on its face," as the "court's written findings set forth in the judgment conflict" with the "attached parenting plan").

Further, because our review is hindered by the lack of trial transcripts, we are compelled to affirm as to all other issues. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error."); Zarate v. Deutsche Bank Nat'l. Tr. Co., 81 So. 3d 556, 557 (Fla. 3d DCA 2012) ("An appellant has the burden to present a record that will overcome the presumption of the correctness of the trial court's findings."); Balsam v. S. Palm Beach Fin. Corp., 695 So. 2d 1267, 1268 (Fla. 4th DCA 1997) ("[T]he

lack of a transcript prevents [the appellate court] from determining whether this issue was properly preserved by objection below.").

Affirmed in part; reversed in part and remanded.