# Third District Court of Appeal

## State of Florida

Opinion filed March 5, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1153
Lower Tribunal No. 21-8264-FC-04
_____


**Christopher Fernandez,**
Appellant,

vs.

**Christina Maria Gonzalez,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Marlene Fernandez-Karavetsos, Judge.

Christopher P. Fernandez, in proper person.

GrayRobinson, P.A., and Karim Batista and Sydney Feldman D'Angelo, for appellee.


Before EMAS, LINDSEY and BOKOR, JJ.

EMAS, J.

Christopher Fernandez (the Father), appeals the trial court's final judgment granting modification of the parties' timesharing agreement, following a bench trial. Modification was sought based on a substantial change in circumstances, which, as alleged by the Mother, included "instability of the Father," his "history of violent outbursts," and his "failure to carry out the needs of the minor child," e.g., the Father's repeated failure to assist the child with homework, and refusal to take the child to school-ordered summer school.

On appeal, the Father contends he "was not afforded a meaningful opportunity to be heard"; "the substantial change test was not met"; and that the order "was based on a number of serious factual inaccuracies and possible perjury by the [Mother]."[1]

Given the nature of the issues raised on appeal, and the failure of the Father to provide a transcript of the hearing or statement of evidence or

---

[1] The Father also requests this court "clarify the meaning of paragraph 1.b of the order in the Final Judgment" pertaining to summer school. We decline to do so, however, as this court does not issue advisory opinions, and the Father never sought clarification from the trial court regarding this aspect of the final judgment. Best Am. Diagnostic Ctr. v. United Auto. Ins. Co., 338 So. 3d 965 n.1 (Fla. 3d DCA 2022) ("Florida's appellate courts are not authorized to issue advisory opinions.") (quotation omitted); see also Fla. Fam. L. R. P. 12.530(a) ("To preserve for appeal a challenge to the failure of the trial court to make required findings of fact in the final judgment, a party must raise that issue in a motion for rehearing under this rule.")

2

proceedings[2] upon which the final judgment was based, we must affirm. See Fla. R. App. P. 9.200(e) ("Duties of Appellant or Petitioner. The burden to ensure that the record is prepared and transmitted in accordance with these rules will be on the petitioner or the appellant."); Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla.1979) ("When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the [whole] factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal. The trial court should [be] . . . affirmed because the record brought forward by the appellant is inadequate to demonstrate reversible error."); see also Gaspard v. Innocent, 389 So. 3d 638 (Fla. 3d DCA 2023) (affirmance required where no transcript or proper substitute and

---

[2] See Fla. R. App. P. 9.200(b)(5) ("*Statement of Evidence or Proceedings*. If no report of the proceedings was made, or if the transcript is unavailable, a party may prepare a statement of the evidence or proceedings from the best available means, including the party's recollection. The statement must be served on all other parties, who may serve objections or proposed amendments to it within 15 days of service. Thereafter, the statement and any objections or proposed amendments must be filed with the lower tribunal for settlement and approval. As settled and approved, the statement must be included by the clerk of the lower tribunal in the record.").

3

no fundamental error on the face of the order appealed); <u>Mijares v. Echeverria</u>, 365 So. 3d 426 (Fla. 3d DCA 2023) (reiterating that appellant bears burden of presenting a record that overcomes the presumption of correctness afforded to the trial court's findings and "[w]here there is no record of the testimony of witnesses or evidentiary rulings, and where a statement of the record has not been prepared . . . a judgment which is not fundamentally erroneous on its face must be affirmed.") (quotation omitted); <u>GMAC Mortg., LLC v. Palenzuela</u>, 208 So. 3d 181, 183 (Fla. 3d DCA 2016) ("As we have often said, 'where there is no record of the testimony of witnesses or of evidentiary rulings, and where a statement of the record has not been prepared pursuant to Florida Rule of Appellate Procedure 9.200(a)(3) or (b)[5], a judgment which is not fundamentally erroneous on its face must be affirmed.' ") (quoting <u>Zarate v. Deutsche Bank Nat'l Tr. Co.</u>, 81 So. 3d 556, 558 (Fla. 3d DCA 2012)); <u>Emaminejad v. Ocwen Loan Servicing, LLC</u>, 156 So. 3d 534, 535-36 (Fla. 3d DCA 2015) ("Under Florida law, 'when reviewing a judgment rendered after a nonjury trial, the trial court's findings of fact come to the appellate court with a presumption of correctness and will not be disturbed unless they are clearly erroneous. . . . Absent a transcript, it is all but impossible for this Court to review what was presented to the trial court as evidence and what arguments were made . . . . All of the challenges

4

made by the [appellant] basically rest on this Court's review of the evidence and arguments made at trial, neither of which can be done in the absence of a transcript.") (internal citations omitted).

Affirmed.