# Third District Court of Appeal

## State of Florida

Opinion filed April 30, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0251
Lower Tribunal No. 22-6775
_____

**Alfonso Perez-Palma,**
Appellant,

vs.

**Nathalie Rodriguez,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Scott M. Bernstein, Judge.

Sandy T. Fox, P.A., and Sandy T. Fox and Sara E. Ross, for appellant.

Abramowitz and Associates, and Jordan B. Abramowitz, for appellee.

Before LOGUE, C.J., and SCALES, and LOBREE, JJ.

SCALES, J.

Appellant Alfonso Perez-Palma (Father) and appellee Nathalie Rodriguez (Mother) are the parents of a minor child, born in 2009, who has been the subject of multiple disputes between the parents since the end of their brief relationship. This appeal proceeds from a May 19, 2023 final judgment in which the trial court ruled in favor of Mother on issues of parental responsibility, the parenting plan, timesharing and relocation.[1] We affirm the trial court's final judgment and order on case management conference in all respects, except that portion of the final judgment requiring Father to pay all costs of supervision for Father's visits with the child.

*A. Costs of timesharing supervision*

While the final judgment does not address the issue of child support, reserving jurisdiction to adjudicate child support at a later date, the final judgment requires Father to pay all costs associated with Father's supervised visits. It was premature for the trial court to adjudicate the supervision costs issue because such costs are considered as part of the child support calculation. Moore v. Yahr, 192 So. 3d 544, 545 (Fla. 4th DCA 2016) (holding that the costs of supervised timesharing are part of the child support calculation); Perez v. Fay, 160 So. 3d 459, 466 (Fla. 2d DCA 2015)

---

[1] In addition to appealing the final judgment, Father appealed a January 3, 2023 interlocutory case management conference order and a January 17, 2024 order denying rehearing.

("[T]he expenses of visitation are part of the parties' childrearing expenses that must be addressed as part of the parties' child support obligations."). We, therefore, reverse that part of the final judgment requiring Father to pay all costs of his supervised visits without prejudice to the trial court determining this issue as part of its adjudication of the child support issue.

*B. All other issues adjudicated in the final judgment*

We review the remaining trial court determinations for an abuse of discretion. Alarcon v. Dagen, 388 So. 3d 157, 158 (Fla. 3d DCA 2023). The trial court has broad discretion in these matters. Morton v. Faby, 364 So. 3d 1086, 1086 (Fla. 3d DCA 2023).

The trial court conducted a three-day trial on February 21, March 14, and March 17, 2023. Father has not supplied this Court with transcripts for any of these three days of trial. Nor has Father supplied transcripts for the case management conference and the hearing on his rehearing motion, which resulted in the entry of challenged orders. We, therefore, are unable to determine whether the trial court abused its discretion in its numerous rulings. Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not properly resolve the

3

underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal."); <u>Zarate v. Deutsche Bank Nat'l Tr. Co. as Tr.</u>, 81 So. 3d 556, 557 (Fla. 3d DCA 2012). ("An appellant has the burden to present a record that will overcome the presumption of correctness of the trial court's findings."). We, therefore, affirm the final judgment as to the remaining issues appealed by Father.

Affirmed in part, reversed in part and remanded with instructions.