# Third District Court of Appeal

## State of Florida

Opinion filed July 16, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1807
Lower Tribunal No. 22-20159-CA-01
_____


**Eugene J. Steppe**,
Appellant,

vs.

**Miami Beach Realty, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Eugene J. Steppe, in proper person.

Lynx Law PLLC and Christopher B. Spuches, for appellees.


Before SCALES, C.J., and LOBREE and GOODEN, JJ.

PER CURIAM.

Eugene J. Steppe appeals a final judgment entered in favor of Miami

Beach Realty, LLC, d/b/a Keller Williams Miami Beach ("Miami Beach Realty") and Kathrin Rein following a non-jury trial. "When a cause is tried without a jury, the trial judge's findings of fact are clothed with a presumption of correctness on appeal, and these findings will not be disturbed unless the appellant can demonstrate that they are clearly erroneous." J&R United Indus., Inc. v. Miron, 353 So. 3d 1250, 1252 (Fla. 3d DCA 2023) (quoting Sunshine State Ins. Co. v. Davide, 117 So. 3d 1142, 1144 (Fla. 3d DCA 2013)). "A factual finding made by a trial court in a non-jury trial is clearly erroneous only when there is no substantial evidence to sustain it, it is clearly against the weight of the evidence or it was induced by an erroneous view of the law." Fito v. Att'y's Title Ins. Fund, Inc., 83 So. 3d 755, 757 (Fla. 3d DCA 2011). On appeal, Steppe argues final judgment was improper because his wife, Maria Steppe, never signed a sales contract with the buyer procured by Miami Beach Realty and Rein. We find this argument is belied by the record as there is sufficient competent, substantial evidence showing Steppe's wife signed the sales contract or that Steppe signed the contract on her behalf. Steppe also takes issue with the trial court's determination as to credibility of the witnesses, but "[i]t is not the function of this court to reweigh the evidence and the credibility of the witnesses in the trial court proceedings." Citibank, N.A. v. Julien J. Studley, Inc., 580 So. 2d 784, 785–

2

86 (Fla. 3d DCA 1991).

Further, our review in this case is hindered by the lack of a trial transcript. "An appellant has the burden to present a record that will overcome the presumption of the correctness of the trial court's findings." Zarate v. Deutsche Bank Nat'l. Tr. Co., 81 So. 3d 556, 557 (Fla. 3d DCA 2012). "Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory." Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979); see also Balsam v. S. Palm Beach Fin. Corp., 695 So. 2d 1267, 1268 (Fla. 4th DCA 1997) ("[T]he lack of a transcript prevents [the appellate court] from determining whether this issue was properly preserved by objection below."). As the record is devoid of any evidence to contradict the appropriateness of the final judgment, we are compelled to affirm.

Affirmed.