# Third District Court of Appeal

## State of Florida

Opinion filed October 15, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0293
Lower Tribunal No. 24-6878-CA-01
_____


**Barry M. Leff, et al.,**
Appellants,

vs.

**Rossana Larez,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Jason Emilios Dimitris, Judge.

Barry M. Leff, P.A., and Barry M. Leff (Hollywood), for appellants.

Mark T. Blake, LL.M. P.A., and Mark T. Blake (Winter Park), for appellee.


Before LINDSEY, MILLER, and LOBREE, JJ.

PER CURIAM.

Appellants, Barry M. Leff and Barry M. Leff, P.A. (collectively "Leff"), appeal a final judgment after a judicial default. We affirm the lower court's judgment because Leff's did not properly preserve its arguments on appeal.

On April 16, 2024, Appellee, Rosanna Larez, filed a complaint against Leff for breach of fiduciary duty, conversion, civil theft, accounting and recoupment, and cancellation of a promissory note. Two days later, Leff filed responsive pleadings to the complaint, none of which were an answer or motion to dismiss. One month later, Leff filed a motion for extension of time to respond to the complaint. The trial court granted Leff's motion and required Leff to file a response by June 11, 2024. The trial court inserted self-executing default language in the order:

> **This deadline may not be extended by agreement and the mere filing of a Motion for Rehearing/Reconsideration and/or Motion to Extend this deadline will NOT toll the time to fully comply with this Order. The failure to timely comply will result in the entry of a Court Default without further Notice, Hearing, or opportunity to be heard. This is the only Notice the parties will receive.**

Leff did not file his response by the deadline, so the trial court entered a default on June 12, 2024. On the same day, Leff then filed a Motion to Set Aside the Default. In that motion, Leff argued that the default should be set aside because Leff's failure to answer the complaint was a result of

excusable neglect; that Leff has a meritorious defense to the complaint; and that Leff acted diligently after entry of the default.

At the hearing on the motion, the trial court denied Leff's motion arguing that Leff failed to provide a meritorious defense to the allegations of the complaint. We have no transcript of this hearing. On January 15, 2025, the trial court entered final judgment against Leff. Leff then moved for rehearing raising, for the first time, that the trial court erred in failing to provide notice of application for default as set out under Florida Rule of Civil Procedure 1.500(b). The trial court summarily denied that motion. Leff timely appealed.

Leff was entitled to notice of application for a default, which the trial court never delivered. See Fla. R. Civ. P. 1.500(b) ("When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any document in the action, that party must be served with notice of the application for default."); see also Iglesias v. Iglesias, 279 So. 3d 878, 878 (Fla. 3d DCA 2019). But Leff failed to properly preserve that issue on appeal.

At no time before the final judgment did Leff object to the self-executing default language. And because there was no objection, we are constrained

3

to affirm. See Garrison v. PHH Mortg. Corp., 298 So. 3d 116, 118 (Fla. 1st DCA 2020) (citation omitted) ("Accordingly, while the magistrate's automatic default language violated the requirements of the default rule, Appellant's failure to file exceptions waived the magistrate's error. Thus, the default issue was not preserved for our review."); see also Rangel v. MidFirst Bank, 187 So. 3d 289, 291 (Fla. 4th DCA 2016) ("We nonetheless hold that by failing to provide this Court with a transcript from the hearing on the Bank's motion to strike the answer, and by further failing to appear at trial, we have no record to indicate that Homeowner notified the trial court that it erred in striking his answer on the basis of default. Thus, Homeowner did not preserve the error.").

Leff's Motion to Set Aside the Default does not argue failure to give notice of an application for a default, and we have no transcript to verify if Leff orally raised this issue at the hearing for that motion. So we must affirm. "In appellate proceedings the decision of a trial court has the presumption of correctness, and the burden is on the appellant to demonstrate error." Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979). "An appellant has the burden to present a record that will overcome the presumption of the correctness of the trial court's findings." Zarate v. Deutsche Bank Nat'l Tr. Co., 81 So. 3d 556, 558 (Fla. 3d DCA 2012).

As our Supreme Court explained in Applegate:

4

> Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal.

377 So. 2d at 1152.

As this Court has stated in the past, "[w]here there is no record of the testimony of witnesses or of evidentiary rulings, and where a statement of the record has not been prepared pursuant to Florida Rule of Appellate Procedure 9.200(a)(3) or (b)[4], a judgment which is not fundamentally erroneous on its face must be affirmed." Zarate, 81 So. 3d at 558; see also GMAC Mortg., LLC v. Palenzuela, 208 So. 3d 181, 183 (Fla. 3d DCA 2016).

It is true that "even without a trial transcript, reversal is appropriate 'where an error of law is apparent on the face of the judgment.'" Rojas v. Otero, 399 So. 3d 1160, 1162 (Fla. 3d DCA 2024) (quoting Diaz v. Diaz, 300 So. 3d 767, 770 (Fla. 3d DCA 2020)). Still, an appellant must properly raise these errors below to preserve the issue on appeal. See RM & Assocs. Consulting, Inc. v. People's Tr. Ins. Co., 336 So. 3d 762, 763 (Fla. 3d DCA 2021); Est. of Herrera v. Berlo Indus., Inc., 840 So. 2d 272, 273 (Fla. 3d DCA 2003) (citation omitted) ("[Appellant] seeks to raise issues which were not raised in the trial court. However, issues not presented in the trial court

5

cannot be raised for the first time on appeal. Thus, [appellant] is precluded from raising new arguments on appeal.").

Leff did eventually argue he was entitled to notice of an application for default. But this argument is not preserved for review because it was raised for the first time in Leff's motion for rehearing. We have consistently held that "[a] trial court does not abuse its discretion in denying a motion for reconsideration or rehearing which raises an issue that could have [been], but wasn't, raised in the initial motion or at the initial hearing." Bank of Am., N.A. v. Bank of N.Y. Mellon, 338 So. 3d 338, 341 n.2 (Fla. 3d DCA 2022); see also Prime Prop. & Cas. Ins. v. Allied Trucking of Fla., Inc., 388 So. 3d 868, 868–69 (Fla. 3d DCA 2023) (collecting cases); Montalvo v. Rovirosa, 386 So. 3d 974, 975 (Fla. 3d DCA 2023). As such, "[a]n argument raised for the first time in a motion for rehearing will not preserve the argument for appellate review." Buyer's Choice Auto Sales, LLC v. Palm Beach Motors, LLC, 391 So. 3d 463, 468 (Fla. 4th DCA 2024). Leff had abundant time to raise this issue before the trial court entered the final judgment. But Leff failed to do so. Thus, we are constrained to affirm.

Affirmed.